867 F.2d 610
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark John SZYMANSKI, Defendant-Appellant.
 No. 88-5059.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 9, 1988.
Decided: Jan. 11, 1989.
 
 Thomas J. Curcio (Cohen, Dunn & Sinclair, P.C., on brief), for appellant.
 Bradford Russell Clark, Special Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 After a bench trial in the district court, Mark John Szymanski was convicted of receiving child pornography in violation of 18 U.S.C. Sec. 2252(a)(2). He appeals the conviction, assigning two grounds for error. First, he challenges the anticipatory search warrant which the government procured before the actual delivery of contraband to his house. Second, he asserts that the government's conduct in the investigation leading to his arrest was so outrageous as to violate his due process rights. We affirm the conviction.
 
 
 2
 * This case is another in a large group of prosecutions arising out of the National Child Pornography Reverse Sting Project, "Operation Looking Glass." Under this program, the U.S. Postal Inspection Service, in the guise of a pornography dealer, corresponded with persons initially identified as predisposed towards child pornography and sent a child pornography catalog and order form to those whose predisposition was confirmed by subsequent test correspondence. Here, as in other Operation Looking Glass cases, Szymanski ordered materials from a catalog, and the postal authorities secured a search warrant before delivering the materials described in the warrant. Very shortly after the delivery, postal inspectors entered Szymanski's apartment pursuant to the search warrant, found incriminating evidence, and arrested Szymanski.
 
 
 3
 Szymanski asserts the invalidity of the search warrant on the ground that, because the pornographic materials had not yet been delivered to his apartment, there could have been no probable cause to believe that the materials were at the apartment at the time the warrant issued. This court recently rejected such a challenge to an anticipatory warrant in a similar Operation Looking Glass case. In United States v. Goodwin, 854 F.2d 33, 36 (4th Cir.1988), we held that "where the contraband to be seized 'is on a sure course to its destination, as in the mail, prior issuance of a warrant is permissible.' " (quoting United States v. Hale, 784 F.2d 1465, 1468 (9th Cir.1986)). The contraband was on a sure course to Szymanski's apartment at the time the warrant issued, and the anticipatory search warrant was thus clearly valid.
 
 II
 
 4
 Szymanski also contests his conviction on the ground that the government's conduct during its investigation of him was so outrageous as to deny him due process. He maintains that the circumstances of the investigation distinguish his claim of error from other Operation Looking Glass cases in which we have not found due process violations. At the time of the postal inspector's investigation, Szymanski was on parole from two previous convictions involving sexual misconduct with minors. His parole officer forwarded his name to a Fairfax County police inspector, who in turn provided his name to postal authorities, as a possible subject for Operation Looking Glass. Notwithstanding his apparent compliance with the terms of his parole, Szymanski was targeted by postal authorities and received the mailings that culminated in his arrest. Because his inclusion in the investigation came about without any indication of predisposition other than his prior convictions, and because the advertisements from Operation Looking Glass allegedly undermined his rehabilitation efforts, Szymanski claims that the government's conduct towards him violated due process.
 
 
 5
 This court has held that the government's conduct in a reverse sting investigation violates due process "only where the official conduct is outrageous, not simply offensive." Goodwin, 854 F.2d at 36-37; accord United States v. Dornhofer, 859 F.2d 1195, 1200 (4th Cir.1988). In order to be "outrageous," the government action must be "shocking [or] offensive to traditional notions of fundamental fairness." 854 F.2d at 37; see Hampton v. United States, 425 U.S. 484, 491-95 (1976) (Powell, J., concurring). Here, the government's actions did not rise to this threshold. Evidence in the record indicates that Szymanski possessed child pornography and related paraphernalia in addition to the materials he received from the reverse sting operation. The parties have stipulated that Szymanski engaged in a protracted correspondence with postal authorities whom he believed to be pornography distributors and represented to them that he spent roughly $100 per month collecting child pornography mostly through the mail. These facts depict ongoing criminal activity while he was on parole. His own proclivities, not the sting operation, induced him to acquire the contraband. Consequently, we cannot say that the government's investigatory conduct denied Szymanski due process of law.
 
 
 6
 AFFIRMED.