943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby C. McATEER, Defendant-Appellant.
 No. 91-5271.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 11, 1991.
Decided Sept. 17, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Matthew J. Perry, Jr., District Judge. (CR-90-338)
 Joseph R. McCrorey, Kennedy, Covington, Lobdell & Hickman, Rock Hill, S.C.; Felicia A. Washington, Kennedy, Covington, Lobdell & Hickman, Charlotte, N.C., for appellant.
 E. Bart Daniel, United States Attorney, John S. Simmons, Assistant United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 After the district court denied his motion to suppress evidence obtained from the execution of an anticipatory search warrant, Bobby C. McAteer entered a conditional guilty plea to receiving child pornography and other charges. See Fed.R.Crim.P. 11(a)(2). The court sentenced him to twenty-one months imprisonment. Because the district court's finding that the contraband was on a sure course to receipt by appellant, we affirm the court's denial of McAteer's motion to suppress.
 
 
 2
 McAteer became a target of investigation during the course of a federal sting operation intended to apprehend persons involved in purchasing child pornography. The United States Customs Service corresponded with McAteer through a sham Belgium corporation which purportedly sold and distributed pornography through the mail. As a result of this correspondence, McAteer ordered materials which contained child pornography.
 
 
 3
 The customs agent then obtained an anticipatory search warrant in order to search McAteer's home after he received the contraband material. In support of his application for the search warrant, the agent presented a thorough affidavit to the magistrate in which he explained the details of the investigation and stated that the videotape to be delivered depicted minors engaged in sexually explicit activity, and that the tape would be released by the customs service to the postal service for delivery to appellant's confirmed address.
 
 
 4
 On the following morning, the package was relayed to a mail carrier for delivery to McAteer. The carrier delivered the package and McAteer signed for it. Once notified of the delivery, the agents executed the search warrant. The search uncovered the receipt and package for the videotape delivered that day (the tape was found in appellant's possession), other videotapes, photographs, magazines, a VCR, projectors, and a firearm.
 
 
 5
 This Court has held that an anticipatory search warrant is permissible when the contraband to be seized "is on a sure course to its destination." United States v. Goodwin, 854 F.2d 33, 36 (4th Cir.1988), quoting United States v. Hale, 784 F.2d 1465, 1468-69 (9th Cir.1986); see also United States v. Dornhofer, 859 F.2d 1195, 1198 (4th Cir.1988), cert. denied, 490 U.S. 1005 (1989). Goodwin and Dornhofer both evolved from a child pornography investigation. In both cases, we noted that the customs inspector informed the magistrate that he would place the contraband in the mail for delivery to the defendant. 854 F.2d at 36; 8959 F.2d at 1198. In Dornhofer, the magistrate conditioned the validity of the warrant on the contraband being placed in the mail.
 
 
 6
 This Court reviews a district court's findings of fact on a motion to suppress under the clearly erroneous standard. United States v. Bernard, 757 F.2d 1439 (4th Cir.1985); United States v. Turner, 650 F.2d 526 (4th Cir.1981). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence is left with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 7
 McAteer asserts that the anticipatory search warrant was improper because the magistrate did not determine that the videotape was "on a sure course to its destination" or condition the warrant on delivery of the tape to the postal service for delivery. The district court found that the customs agent who sought the warrant stated in his supporting affidavit that the package containing the tape "will be released by U.S. Customs to U.S. Postal Service to be delivered as addressed." The court continued that the magistrate thus reasonably concluded that the contraband would be placed in the mail and that it was on a sure course to its destination.
 
 
 8
 Both the affidavit for the search warrant and the agent's testimony at the suppression hearing support the district court's findings. The agent testified at the suppression hearing that he recalled informing the magistrate that the package would be delivered by the mail carrier.
 
 
 9
 Therefore, the district court's finding that the package was on a sure course to its destination was not clearly erroneous, and the issuance of the anticipatory warrant was proper. For these reasons, we affirm the court's denial of appellant's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.