**UNITED STATES of America**

v.

**Dwayne Ivan McDONALD.**

**Civ. No. HNM–97–1176.**
**CRIM. No. B–93–0125.**

United States District Court,
D. Maryland.

Oct. 30, 1997.

Lynne A. Battaglia, United States Attorney for the District of Maryland, Kathleen O. Gavin, Assistant United States Attorney, Baltimore, MD, representing the government.

Dwayne Ivan McDonald, pro se.

*MEMORANDUM AND ORDER*

MALETZ, Senior Judge.[1]

A jury convicted Dwayne Ivan McDonald of bank robbery in violation of 18 U.S.C.

---

1. Of the United States Court of International Trade, sitting by designation.

§ 2113(a) (count one), armed bank robbery in violation of 18 U.S.C. § 2113(d) (count two), and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (count three). McDonald was sentenced to concurrent 96–month terms of imprisonment on counts one and two, a consecutive 5 year term of imprisonment on count three, three years of supervised release, and a $150 special assessment. The Fourth Circuit affirmed his convictions and sentences. *United States v. McDonald*, No. 93–5685, slip op., 1994 WL 589486 (4th Cir. Oct.27, 1994) (unpublished).

Presently pending before the court is McDonald's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (1994), *amended by* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214. McDonald contends that he was denied the effective assistance of counsel at sentencing and on direct appeal. He argues that his counsel (1) failed to raise the issue of an illegal sentence and (2) failed to challenge the district court's refusal to give his requested instruction on the defense theory of the case. Except with respect to the sentence, the court sees no merit in McDonald's motion.

### I.

■ McDonald contends that he was denied the effective assistance of counsel because his counsel failed to object to the imposition of duplicitous sentences for a single offense of bank robbery. McDonald was convicted of bank robbery (18 U.S.C. § 2113(a)) and armed bank robbery (18 U.S.C. § 2113(d)) and concurrent 96–month sentences were imposed. The court agrees. McDonald cannot be convicted and sentenced for both bank robbery and armed bank robbery arising out of a single criminal transaction—namely, robbery of the Department of Commerce Federal Credit Union in Rockville, Maryland—because the offense of 18 U.S.C. § 2113(a) is a lesser included offense within 18 U.S.C. § 2113(d). *See United States v. Whitley*, 759 F.2d 327, 331 (4th Cir.), *cert. denied*, 474 U.S. 873, 106 S.Ct. 196, 88 L.Ed.2d 164 (1985). Accordingly, the court will vacate the concurrent sentence of 96 months imposed on count one for violation of 18 U.S.C. § 2113(a). *Cf. United States v. Amos*, 566 F.2d 899, 901 (4th Cir.1977).

### II.

■ McDonald also claims that his counsel was ineffective for failing to challenge on direct appeal the district court's refusal to give his requested instruction concerning the defense theory of the case. To succeed on this claim, McDonald must show that if appellate counsel had raised the issue on direct appeal, there would have been a reasonable probability that it would have succeeded. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). McDonald has failed to make this showing.

■ Upon proper request, a defendant is entitled to an instruction submitting to the jury any theory of defense for which there is an evidentiary foundation. *United States v. Dornhofer*, 859 F.2d 1195, 1199 (4th Cir. 1988), *cert. denied*, 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989). A court's refusal to give an instruction requested by a defendant is reversible error if the instruction: "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *United States v. Lewis*, 53 F.3d 29, 32 (4th Cir.1995).

McDonald's proposed instruction stated:

It is the defendant's theory of the case that the government has failed to prove beyond a reasonable doubt that he is the person who robbed the Commerce Federal Credit Union on January 28, 1993. The government's evidence which suggests that he might have been the robber is unreliable, and not to be believed. His former girlfriend has implied to the authorities that the defendant robbed the Credit Union, but she has a motive to misrepresent the truth. The testimony of the victim tellers is non-specific and confused. The other evidence suggesting that the defendant was the robber is of a general nature and not reliable. The government's evidence, taken as a whole, does not amount to proof beyond a reasonable doubt that Dwayne McDonald committed the robbery.

■ The greater part of McDonald's requested instruction is argument. The remaining portion was substantially covered by the court's charge to the jury. The court instructed the jury that McDonald could not be convicted unless the government proved beyond a reasonable doubt that he was the person who robbed the Department of Commerce Federal Credit Union. In addition, the court's instructions adequately dealt with the issues of witness credibility, motive, and bias. It was thus not error to refuse to give the proposed instruction. Accordingly, counsel's failure to raise the issue on direct appeal did not prejudice McDonald, and his claim of ineffective assistance of counsel has no merit.[2]

### III.

For the reasons set forth above, the concurrent 96–month sentence imposed on count one for violation of 18 U.S.C. § 2113(a) is vacated. With regard to the claim that counsel was ineffective for failing to challenge on direct appeal the district court's refusal to give his requested instruction on the defense theory of the case, the court denies the motion.

---

2. McDonald also argues that trial counsel was ineffective for "failing to draft and request the court to charge the jury with a defense theory instruction that covered all of the elements of [his] case." The court is not persuaded. The court's instructions, taken as a whole, adequately conveyed to the jury the law supporting McDonald's theory of defense. *See United States v. Bostian,* 59 F.3d 474, 480 (4th Cir.1995), *cert. denied,* — U.S. —, 116 S. Ct. 929, 133 L.Ed.2d 857 (1996).