[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 24, 2005
THOMAS K. KAHN
CLERK

No. 04-16480
Non-Argument Calendar

_____

D. C. Docket No. 04-20406-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ANTONIO ACOSTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2005)

Before BIRCH, BARKETT and WILSON, Circuit Judges.

WILSON, Circuit Judge:

Mario Antonio Acosta, who was convicted by a jury for attempting to

receive a videotape containing child pornography and attempting to possess a videotape containing child pornography, appeals the denial of his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. He claims that the government failed to satisfy the jurisdictional requirement that the videotape travel in interstate commerce, and that the district court was thereby obligated to grant his motion. We affirm the district court's ruling.

## I. Background

In April 2004, Acosta logged-on to an Internet website that appealed to people interested in youthful or underage homosexual activity, and made inquiries about how he could purchase pornographic videos. Little did he know that the website was actually part of an undercover operation designed to catch child pornography purchasers over the Internet. A United States Postal Inspector in Harrisburg, Pennsylvania, using the undercover name "Sam" obtained an undercover e-mail address to receive communications from individuals during the investigation and began communicating with Acosta.

In some of the e-mails, Sam, graphically describing the child pornography videotapes he had available, told Acosta that he would charge him twenty dollars per tape. Acosta then e-mailed Sam telling him that he sent him a twenty dollar money order for the videotape and asked Sam to mail the videotape to his home in

2

Miami, Florida. In response, Sam told Acosta that he sent the videotape by overnight mail, and that he should expect it the following day. However, instead of mailing the videotape overnight, Sam sent it by registered mail to a postal inspector (Fernandez) in Miami. After receiving the videotape from Sam, Fernandez packaged it in an express mail package to simulate its condition as if it were an actual package mailed from Pennsylvania. Fernandez, dressed as a United States mail letter carrier, personally delivered the package to Acosta, who signed for the package. Fernandez then left Acosta's home and later returned to arrest him.

The grand jury returned a two-count indictment charging Acosta with attempting to receive material containing child pornography "that had been mailed, shipped or transported in interstate commerce by any means," in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (b)(1), and attempting to possess a videotape containing images of child pornography, as defined in 18 U.S.C. § 2256(8)(A), "that had been mailed, shipped or transported in interstate commerce, by any means," in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).[1] After the

---

[1] Section 2252A(a)(2)(B) of Title 18 of the United States Code applies to "[a]ny person who . . . knowingly receives or distributes any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce, by any means, including by computer. . . ." Section 2252A(a)(5)(B) of Title 18 of the United States Code applies to "[a]ny person who . . . knowingly sells or possesses with the intent to sell any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed,

3

government rested, Acosta unsuccessfully sought a judgment of acquittal under Rule 29.

## II.  Standard of Review

We review the district court's denial of a motion for judgment of acquittal *de novo,* viewing the facts and drawing all inferences in the light most favorable to the government.  *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002).  To affirm the denial of a Rule 29 motion, we look to the evidence to determine whether it was sufficient to establish the defendant's guilt beyond a reasonable doubt.  *Id*.  Where, as here, defendant asserts that the government failed to prove a jurisdictional requirement of a statute, we view that as a challenge to the sufficiency of the evidence.  *United States v. Key*, 76 F.3d 350, 353 (11th Cir. 1996).

## III.  Discussion

Acosta claims that the jurisdictional element of the statutes was not met because an undercover postal inspector, rather than an actual mail letter carrier, delivered the videotape to his home.  According to Acosta, "actual mailing," by an "actual mailman" or a delivery at an "actual post office" must take place to satisfy

---

or shipped or transported in interstate or foreign commerce by any means, including by computer . . . ."

4

the jurisdictional requirements of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(a)(5)(B).

To consider Acosta's contention, we examine the language of the statutory provision at issue. "The starting point in construing a statute is the language of the statute itself." *Randall v. Lofts Garden,* 478 U.S. 647, 656, 106 S. Ct. 3143, 3149 (1986). The "cardinal cannon" of statutory interpretation is "that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149 (1992). Moreover, we construe statutes so that "no clause, sentence, or word shall be superfluous, void, or insignificant." *United States v. Ballinger*, 395 F.3d 1218, 1236 (11th Cir. 2005).

The statutes that Acosta faced unambiguously state that child pornography need only be shipped, transported, or mailed in interstate or foreign commerce by any means, to satisfy the jurisdictional requirement. *See* 18 U.S.C. §§ 2252A(a)(2)(b), 2252A(a)(5)(B). Therefore, all that the government needed to prove beyond a reasonable doubt to escape Acosta's Rule 29 motion was that the videotape was mailed, or shipped or transported in interstate or foreign commerce **"by any means."** *Id.*; *see also United States v. Maxwell*, 386 F.3d 1042, 1051 (11th Cir. 2004) (emphasis added). Certainly, without evidence that the child

5

pornography traveled in interstate commerce, the government is unable to sustain its burden of proof at trial. But the government's burden is not as heavy as Acosta suggests – we do not read the statute to require that the government must prove that delivery take place by an "actual mailman" or that there is pick-up at an "actual post office." The phrase "by any means" obviously evidences Congress's intention to include alternative avenues of transportation, like a private courier service, Federal Express, United Parcel Service or their equivalent, as long as child pornography is shipped, transported or mailed through the channels of interstate commerce.

Other circuits appear to support this interpretation. We note that the Fourth and Sixth Circuits have addressed the meaning of similar language in other child pornography statutes. In *United States v. Dornhofer*, 859 F.2d 1195 (4th Cir. 1988), the defendant was convicted for receiving child pornography "that has been transported or shipped in interstate or foreign commerce or mailed." *Id*. at 1197. The defendant ordered a child pornography catalog from an undercover postal inspector. *Id*. The catalog was mailed to a postal inspector in New Jersey, who then mailed the catalog to another postal inspector in Washington, D.C., who gave the catalog to the "regular letter carrier assigned to Dornhofer's route, who delivered [the pornography] to Dornhofer's address." *Id*. Dornhofer obtained the

6

catalog from his mailbox. The Fourth Circuit concluded that "[a]ll that 18 U.S.C. § 2252(a)(2) requires is that a person knowingly receive child pornography that has been transported or shipped in interstate or foreign commerce or mailed." *Id*. at 1197 (internal quotations omitted). Further, the *Dornhofer* court held that the pornography in that case was "mailed within the meaning of the statute." *Id*. at 1197-98.

Like in *Dornhofer*, the defendant in *United States v. Moore*, 916 F.2d 1131 (6th Cir. 1990), was convicted for receiving child pornography that had been transported, shipped, or mailed in interstate commerce in violation of 18 U.S.C. § 2252(a)(2). In that case, the defendant ordered a child pornography videotape from an undercover postal inspector. *Id*. at 1135. The postal inspector packaged the tape in an express mail envelope, addressed it to Moore, affixed the proper postage, drove to Moore's hometown, and hand delivered the envelope to the town postmaster, who then placed a note in Moore's post office box telling him that a large package had arrived for him. *Id*. Moore picked up the envelope and was arrested. *Id*. The Sixth Circuit noted that the statute at issue "encompasses not only receipt of child pornography through the mail, but also receipt of such material 'that has been transported or shipped in interstate or foreign commerce by any means.'" *Id*. at 1138. The Sixth Circuit also noted that delivery via UPS,

rather than via the United States mail, would still "have constituted as sure a violation" of the statute at issue. *Id*.

We conclude that the evidence presented in this case is sufficient to satisfy the jurisdictional requirements of 18 U.S.C. § 2252A(a)(2)(b) and § 2252A(a)(5)(B). Sam used the United States Postal Service to mail the videotape from Pennsylvania to a postal inspector in Florida, before it was delivered to Acosta. The videotape, therefore, traveled through the channels of interstate commerce. That alone would be sufficient to satisfy the jurisdictional requirement, even though the videotape was not delivered by the mailman or picked up by Acosta at the post office. The fact that a postal inspector, rather than a mail letter carrier, later delivered the videotape to Acosta is immaterial. To read the broad language of the statutes to require "actual mailing," delivery by an "actual mailman," or delivery at an "actual post office" would limit the statutes in a manner not intended by Congress.

## IV. Conclusion

We therefore conclude that the evidence was sufficient to establish beyond a reasonable doubt that Acosta attempted to possess, and attempted to receive, a videotape containing child pornography that had been shipped, transported or mailed in interstate commerce.

**AFFIRMED**.

8