[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2002
THOMAS K. KAHN
CLERK

No. 01-14735
Non-Argument Calendar
_____

D. C. Docket No. 00-00186-CR-T-30

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGES JACQUES DESCENT,
a.k.a. Jack Descent,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 28, 2002)**

Before CARNES, HULL and COX, Circuit Judges.

PER CURIAM:

Serges Jacques Descent appeals his convictions and sentences for mail fraud, money laundering, and conspiracy. Finding no error in the district court's denial of Descent's motion for judgment of acquittal, and concluding that the district court was correct in not grouping the money laundering and fraud counts for purposes of sentencing, we affirm those decisions. Because the district court erred in modifying the jury instructions related to forfeiture, however, we vacate the forfeiture judgment and remand for entry of a new forfeiture judgment.

## I. Background

Descent was indicted on fifty-seven counts of conspiracy, mail fraud, and money laundering[1] for participating in a scheme in which telemarketers contacted elderly citizens and falsely claimed that they were entitled to proceeds from the Canadian lottery. The victims were informed that they could not collect the proceeds until various taxes or fees were paid, and they were instructed to send the payments either to Canada or to a company in Florida that was controlled by Descent. Descent transferred these funds between the accounts of several companies, as well as the

---

[1] Specifically, Descent was charged with: one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2326; twenty-six counts of mail fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 2326, and 18 U.S.C. § 2; one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); twenty-four counts of money laundering in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2; and five counts of money laundering in violation of 18 U.S.C. § 1956(a)(1) and 18 U.S.C. § 2.

accounts of his wife's business, and used the funds to pay personal and business expenses.

Following trial, a jury returned verdicts finding Descent guilty on all fifty-seven counts and finding that $1,688,845.41 was subject to forfeiture as property involved in or traceable to his money laundering offenses. Denying Descent's request to group the fraud and money laundering counts for sentencing purposes, the district court sentenced Descent to a total of 120 months' imprisonment, to be followed by a three-year term of supervised release. The district court also sentenced Descent to pay a $5,700 assessment, to pay $1,512,774.82 in restitution, and to forfeit property in the amount of $1,688,845.41. Descent appeals.

## II. Issues on Appeal

Descent raises three issues on appeal: (1) whether the district court erred by denying his motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29; (2) whether the district court erred by modifying the jury instructions with regard to forfeiture after deliberations had commenced; and (3) whether the district court erred by not grouping the money laundering counts and the fraud counts for purposes of sentencing, pursuant to United States Sentencing Commission, *Guidelines Manual*, ("USSG") § 3D1.2.

### III. Discussion

### A. *Motion for Judgment of Acquittal*

Descent contends that the district court should have granted his motion for judgment of acquittal because the evidence was insufficient to prove that he had the requisite intent to commit the crimes with which he was charged. We review de novo the district court's denial of a motion for judgment of acquittal, applying the same standard used in reviewing the sufficiency of the evidence, meaning that we view the facts and draw all inferences in the light most favorable to the Government. *See United States v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001); *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999). To uphold the denial of a Rule 29 motion, "we need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *Hansen*, 262 F.3d at 1236 (internal quotations and citation omitted). Having considered the briefs and the relevant portions of the record, we find no error in the district court's denial of Descent's motion for judgment of acquittal, and we affirm that denial without further discussion. *See* 11th Cir. R. 36-1.

### B. *Modification of Forfeiture Instructions*

Descent also contends that the district court erred by modifying the jury instructions, after the jury had commenced deliberations, to permit a forfeiture

judgment of up to $1,688,845, rather than the $1,288,140 that was permitted under the court's original instructions. Specifically, Descent argues that the modification violated Fed. R. Crim. P. 30 and constituted a constructive amendment to the indictment. We conclude that the district court did not constructively amend the indictment, but we agree that the district court violated Rule 30.

"A constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the indictment." *United States v. Poarch*, 878 F.2d 1355, 1358 (11th Cir. 1989). A constructive amendment to the indictment is reversible error *per se*. *See id.* Descent asserts that, because the indictment sought forfeiture only of property involved in or traceable to the money laundering counts, pursuant to 18 U.S.C. § 982(a)(1), and because only $1,288,140 were involved in or traceable to those counts, the modified instructions impermissibly broadened the scope of the indictment and permitted the jury to find him guilty of an offense not charged therein. We disagree. "Decisions relating to forfeiture are matters of sentencing, and are thus separate from the determination of guilt." *United States v. Hill*, 177 F.3d 1251, 1253 (11th Cir. 1999). Therefore, a change in the jury instructions concerning forfeiture does not affect the determination of guilt or innocence and, accordingly, does not modify the elements of the offense charged. For these reasons, the district

5

court's modified jury instructions did not constructively amend the indictment.

The modification, however, did violate Rule 30, which requires the district court to inform counsel of its proposed action upon requested jury instructions prior to closing arguments. *See* Fed. R. Crim. P. 30. This court requires substantial compliance with Rule 30, "and a defendant must show prejudice before his conviction will be reversed." *United States v. Clark*, 732 F.2d 1536, 1541 (11th Cir. 1984). Such prejudice occurs when the change in the instructions is substantial, when the instructions repudiate counsel's arguments, or when the instructions impair the effectiveness of those arguments. *See id.*; *see also United States v. White*, 27 F.3d 1531, 1538 (11th Cir. 1994).

In this case, the district court sustained Descent's pre-argument objection to the forfeiture amount alleged in the indictment and ruled that only $1,288,140 was subject to forfeiture. In accordance with this ruling, Descent's counsel addressed that amount in his closing argument, and the district court instructed the jury that the Government was seeking forfeiture in that amount. After the jury commenced deliberations, however, it submitted a question to the court asking if it could increase the amount of forfeiture to $1,688,845, representing the total loss to the victims of the fraud. After discussing the question with the parties, the court changed its previous ruling with regard to the amount of forfeiture and instructed the jury that it could find any amount

6

up to $1,688,845.41. The jury returned a forfeiture verdict in that amount.

We agree with Descent, and the Government concedes, that the court's modification prevented Descent's counsel from addressing in his closing argument the entire amount found by the jury, and it thus impaired the effectiveness of that argument. We disagree with Descent, however, as to the proper remedy for the district court's error. Descent asserts that we should vacate the forfeiture judgment and remand the case to the district court for further proceedings on that issue. As the Government points out, however, Descent does not challenge the district court's initial ruling that $1,288,140 was subject to forfeiture, and the jury necessarily included that amount in its verdict. We therefore vacate the district court's forfeiture judgment and remand to the district court with instructions to enter a new judgment of forfeiture in the amount of $1,288,140.

## C. *Grouping of Money Laundering and Fraud Counts*

Finally, Descent contends that the district court erred by not grouping the money laundering counts with the fraud counts for sentencing purposes under USSG § 3D1.2. Specifically, Descent argues that Amendment 634 to the sentencing guidelines, *see* USSG Supp. to App. C, amend. 634, at 229-36 (2001), applies to this case and requires grouping of his money laundering and fraud convictions. Reviewing de novo the district court's application of the sentencing guidelines, *see,*

*e.g.*, *United States v. Rodriguez*, 279 F.3d 947, 951 (11th Cir. 2002), we find no reversible error.

When reviewing the district court's application of the sentencing guidelines, we apply the version of the guidelines in effect on the date of the sentencing hearing. *See United States v. Steele*, 178 F.3d 1230, 1237 (11th Cir. 1999). Subsequent amendments that clarify the guidelines, however, should be considered on appeal regardless of the date of sentencing. *See United States v. Gunby*, 112 F.3d 1493, 1499 n.9 (11th Cir. 1994). "Clarifying amendments do not effect a substantive change, but provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline." *Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998). Because Amendment 634 became effective on November 1, 2001, after the date of Descent's sentencing hearing, we must decide whether it clarifies USSG § 2S1.1 or substantively changes it.

Although this is an issue of first impression in our circuit, three of our sister circuits have concluded that Amendment 634 effects a substantive change to the guidelines. *See United States v. King*, 280 F.3d 886 (8th Cir. 2002); *United States v. McIntosh*, 280 F.3d 479 (5th Cir. 2002); *United States v. Sabbeth*, 277 F.3d 94 (2d Cir. 2002). We agree with the reasoning of these decisions.

Amendment 634, among other things, added the following application note to

USSG § 2S1.1: "In a case in which the defendant is convicted of a count of laundering funds and a count for the underlying offense from which the laundered funds were derived, the counts shall be grouped pursuant to subsection (c) of § 3D1.2 (Groups of Closely-Related Counts)." USSG § 2S1.1, comment. (n.6) (2001); *see also* USSG Supp. to App. C, amend. 634, at 235-36 (2001). Arguing that Amendment 634 is a clarifying amendment, Descent focuses on the above-quoted Application Note 6 in support of his argument that his money laundering and fraud convictions should be grouped. By focusing on this application note alone, however, Descent misunderstands the significance of the amendment as a whole. Amendment 634 does not simply provide for grouping; rather, as explained by the Second Circuit, it "redefines the way in which the offense level associated with the crime of money-laundering is calculated, so that the offense level for money-laundering may now be dependent upon the offense level assigned to the underlying offense." *Sabbeth*, 277 F.3d at 97.

The prior version of USSG § 2S1.1 set the base offense level for money laundering at either 23 or 20, depending upon which subsection of 18 U.S.C. § 1956 provided the basis for conviction. *See* USSG § 2S1.1(a) (1998). The base offense level was not in any way dependent on the underlying offense from which the funds were derived. Additionally, the former guidelines contained a separate sentencing

provision, setting the base offense level at 17, for engaging in monetary transactions in violation of 18 U.S.C. § 1957. *See* USSG § 2S1.2(a) (1998). The current version, however, deletes § 2S1.2 in its entirety and provides a single guideline for violations of both 18 U.S.C. § 1956 and 18 U.S.C. § 1957. Under this new guideline, the base offense level for money laundering is the offense level for the underlying offense, provided the defendant committed that offense and the offense level can be determined. *See* USSG § 2S1.1(a) (2001). Thus, under the current guidelines, the offense level for money laundering is related *directly* to the underlying offense, and Application Note 6 simply reflects that substantive change by providing for grouping under § 3D1.2(c). *See* USSG § 3D1.2(c) (2001) (providing for grouping "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts").

Moreover, the commentary to Amendment 634 does not state that it is intended to be a clarifying amendment. Rather, the commentary explains that the amendment addresses concerns that the prior penalty structure, by failing to account for the underlying offense, did not adequately reflect the culpability of the defendant or the seriousness of the money laundering activity. *See* USSG Supp. to App. C, amend. 634, at 233-34 (2001). To alleviate those concerns, the amendment "is designed to promote proportionality by providing for increased penalties for defendants who

10

launder funds derived from more serious underlying criminal conduct . . . ." *Id.* at 234. These statements reflect a substantive change in the punishment for money laundering offenses. *See McIntosh*, 280 F.3d at 485. Finally, we note that Amendment 634 is not included in the list of amendments to be applied retroactively, *see* USSG § 1B1.10(c) (2001), further indicating that it is not intended to be a clarifying amendment.

For the foregoing reasons, we conclude that Amendment 634 effects a substantive change in the guidelines, rather than simply clarifying them, and does not apply retroactively to this case. The district court properly applied the guidelines in effect at the time of Descent's sentencing.

## IV. Conclusion

We affirm the district court's denial of Descent's motion for judgment of acquittal and its application of the sentencing guidelines. We vacate the district court's judgment of forfeiture, however, and remand with instructions to enter a new forfeiture judgment in the amount of $1,288,140.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.