[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 10, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-12230
Non-Argument Calendar

_____

D. C. Docket No. 04-00020-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC DUNCAN,
a.k.a. Beastie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 10, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Eric Duncan appeals his conviction and sentence imposed after a jury convicted him of one count of knowingly and falsely making a false material declaration while under oath, in violation of 18 U.S.C. § 1623(a).  His indictment arose as a result of testimony he gave during his prior trial on drug charges. Duncan asserts the district court erred in:  (1) admitting into evidence recordings of his telephone calls made while he was in jail, because the tapes were not properly authenticated, pursuant to Federal Rule of Evidence 901(a); (2) denying his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 because the Government did not present sufficient evidence for the jury to conclude he had knowingly and falsely made a false material declaration while under oath; and (3) declining to grant him a two-level reduction in his sentence for acceptance of responsibility.  The district court did not err, and we affirm.

## I.  DISCUSSION

A. *Admission of recordings*

We review a district court's decision to admit evidence for an abuse of discretion.  *United States v. Cole*, 755 F.2d 748, 766 (11th Cir. 1985) (reviewing admission of a video recording).  The district court has "broad discretion in

2

determining whether to allow a recording to be played before the jury." *Id.* (citing *United States v. Biggins*, 551 F.2d 64 (5th Cir. 1977)).[1]

In *Biggins*, we held in order to introduce a videotape at trial, the government must establish the recording "is an accurate reproduction of relevant sounds previously audited by a witness." 551 F.2d at 66. The government carries the burden of establishing: (1) the competency of the operator; (2) the fidelity of the recording equipment; (3) the absence of material deletions, additions, or alterations in the relevant portions of the recording; and (4) the identification of the relevant speakers. *Id.* However, we later explained "[w]here there is sufficient independent evidence of the accuracy of the tape recordings to insure their reliability, we will not disturb the trial court's decision to admit them even though at the time that judgment was made the government had not carried its particularized burden." *United States v. Hughes*, 658 F.2d 317, 323 (5th Cir. 1981).

A speaker's voice may be identified by opinion testimony "based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Fed. R. Evid. 901(b)(5). "Once a witness establishes familiarity with an identified voice, it is up to the jury to determine the weight to place on the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

3

witness's voice identification." *Brown v. City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994).

Evidence is properly authenticated when there is "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). We have held authentication under Rule 901 requires the presentation of sufficient evidence to make out a *prima facie* case the proffered evidence is what it purports to be, and once a *prima facie* showing has been made, the evidence should be admitted and the trier of fact permitted to determine whether the proffered evidence is what it purports to be. *United States v. Caldwell*, 776 F.2d 989, 1001-02 (11th Cir. 1985) (citation and internal quotations omitted).

Here, the tape recordings of the telephone calls were admissible because there was sufficient evidence to support a finding the recordings were what the Government purported them to be. *See* Fed. R. Evid. 901(a). The record reflects the Government may not have met its burden to establish: (1) the competency of Hernberger, the operator of the recording system; (2) the fidelity of the recording equipment; (3) the absence of material deletions, additions, or alterations in the relevant portions of the recording; and (4) the identification of the relevant speakers. *See Biggins*, 551 F.2d at 66.

4

However, Agent Timothy Durst, who was familiar with Duncan's voice based on his interviews with Duncan during the investigation, identified Duncan's voice on the tape recordings and verified the calls were placed to Duncan's wife's number while Duncan was in jail. *See* Fed. R. Evid. 901(b)(5). Moreover, Hernberger testified it was impossible to alter the recordings, and in the three years the jail had been using the system, it had not been found to be inaccurate. Because the testimony of these witnesses constituted competent evidence supporting the district court's determination of authenticity as to the audio tapes at issue, we conclude the district court did not abuse its discretion in admitting the recordings.

B. *Sufficiency of the evidence*

We review a district court's denial of a motion for a judgment of acquittal de novo, viewing the facts and drawing all inferences in the light most favorable to the government. *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002). To affirm "the denial of a Rule 29 motion, we need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *Id.* (quotations and citation omitted). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence established guilt beyond a

reasonable doubt." *United States v. Miles*, 290 F.3d 1341, 1355 (11th Cir. 2002).

We accept all of a jury's inferences and determinations of witness credibility. *See*

*United States v. Glinton*, 154 F.3d 1245, 1258 (11th Cir. 1998).

To prove false declarations before a jury or court, the government must show the defendant (1) while under oath in a proceeding before a court or jury, (2) knowingly, (3) made a false, material declaration. 18 U.S.C. § 1623(a). The Supreme Court has explained an answer that is non-responsive, false by implication, or subject to conflicting interpretations, if literally true, is not perjury. *Bronston v. United States*, 93 S. Ct. 595, 601 (1973). In a perjury trial, when a defendant claims his prior testimony was "literally true," we review the claim de novo. *United States v. Roberts*, 308 F.3d 1147, 1152 (11th Cir. 2002).

A reasonable fact-finder could conclude the evidence established beyond a reasonable doubt that Duncan made a false declaration in his prior trial. In his prior trial, Duncan clearly and unequivocally admitted leasing the house on 22nd Street from 1998 through 1999, but denied leasing the house at any other time. Contrary to Duncan's assertion on appeal, a review of the entirety of his testimony does not reveal that he clarified this testimony or subsequently admitted leasing the property on behalf of his brother.

6

Moreover, testimony from the property owner, Robert Max Willocks, demonstrated Duncan had, in fact, signed leases for the house on 22nd Street in 2000, 2001, and 2002. An employee with the utility company confirmed the utilities account for the residence was in Duncan's name through 2003. Furthermore, a detective from the Gainesville Police Department testified that, when Duncan reported vandalism to his car in September 2000, he listed the address as his home address on the police paperwork. Finally, Agent Durst's testimony established that, because the house was suspected to be a site of narcotics transactions, Duncan's relationship to the house was material during the first trial.

Because a reasonable fact-finder could conclude this evidence established beyond a reasonable doubt that Duncan had, (1) while under oath in a proceeding before a court or jury, (2) knowingly, (3) made false, material declarations, in violation of 18 U.S.C. § 1623(a), the district court did not err in denying Duncan's motion for a judgment of acquittal.

C. *Acceptance of responsibility*

We review a district court's determination of acceptance of responsibility for clear error. *United States v. Amedeo*, 370 F.3d 1305, 1320 (11th Cir. 2004). "A district court's determination that a defendant is not entitled to acceptance of

7

responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility." *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999). "The defendant bears the burden of clearly demonstrating acceptance of responsibility . . . ." *Id.*

"If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a). However, the

> adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial . . . is convicted, and only then admits guilt . . . . In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur . . . where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt . . . . [H]owever, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

*Id.* at comment. (n. 2). Moreover, "[t]he timeliness of the defendant's acceptance of responsibility is a consideration . . . and is context specific." *Id.* at comment. (n. 6). An admission alone does not necessarily amount to an acceptance of responsibility. *See United States v. Shores*, 966 F.2d 1383, 1388 (11th Cir. 1992).

Duncan did not meet his burden to show he accepted personal responsibility as to his involvement in the offense conduct, and, accordingly, the district court did not clearly err in declining to grant the reduction under § 3E1.1. As the

8

commentary to § 3E1.1 explains, the adjustment is not intended to be applied when a defendant puts the government to its burden of proof at trial, is convicted, and only then admits guilt. *See* § 3E1.1 comment. (n. 2). Although a reduction may be warranted even after a defendant elects to go to trial, Duncan did not elect to go to trial as to Count 1 in order to assert and preserve issues not relating to his factual guilt. *See id.* Finally, Duncan's admissions to the probation officer preparing the PSI that he had, in fact, leased the property on behalf of his brother does not entitle him to the reduction, because the commentary to § 3E1.1 instructs that the determination of whether a defendant accepted responsibility should be based primarily on the defendant's pre-trial statements and conduct. *See id.* As Duncan points to no other evidence indicating he deserved the reduction, the district court did not clearly err in declining to grant the reduction.

## II. CONCLUSION

The district court did not abuse its discretion in admitting the tape recordings into evidence. Additionally, there was sufficient evidence for the jury to find Duncan guilty of perjury, and the district court did not clearly err in declining to reduce Duncan's sentence for an acceptance of responsibility. Accordingly, we affirm Duncan's conviction and sentence.

AFFIRMED.