[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14354
Non-Argument Calendar

_____

D. C. Docket No. 05-00017-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL REESE COFFMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 11, 2006)**

Before ANDERSON, BLACK  and BARKETT, Circuit Judges.

PER CURIAM:

Michael Reese Coffman appeals his conviction and life sentence for

conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. On appeal, Coffman first argues that there was insufficient evidence to convict him because the government failed to prove that he was involved in an ongoing conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. Coffman also argues that the district court erred when it gave him a two-point enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

## I.

We review de novo the sufficiency of evidence to support convictions, resolving all reasonable inferences in favor of the jury's verdict. United States v. Diaz-Boyzo, 432 F.3d 1264, 1269 (11th Cir. 2005). "The evidence is sufficient so long as a reasonable trier of fact, choosing among reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt." Id. We review a district court's denial of a motion for judgment of acquittal de novo, viewing the facts and drawing all inferences in the light most favorable to the government. United States v. Descent, 292 F.3d 703, 706 (11th Cir. 2002).

"[C]redibility determinations are the exclusive province of the jury." United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997). "For testimony of a government witness to be incredible as a matter of law, it must be 'unbelievable on

2

its face.'" Id. (quoting United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)). Furthermore, we have concluded that a "jury, hearing the defendant's words and seeing his demeanor, [is] entitled to disbelieve his testimony and, in fact, to believe the opposite of what he said." United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005) (citation omitted).

In this case, there was sufficient evidence to justify the jury's finding that Coffman was guilty of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. "To sustain a conviction for conspiracy to possess [a controlled substance] with intent to distribute, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it." United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005). "Participation in a conspiracy can be inferred from 'a development and collocation of circumstances.'" Id. (quoting United States v. McDowell, 250, F.3d 1354, 1365 (11th Cir. 2001)). "Although mere presence at the scene of a crime is insufficient to support a conspiracy conviction, presence nonetheless is a probative factor which the jury may consider in determining whether a defendant was a knowing and intentional participant in a criminal scheme." Id.

The government asserted that a conspiracy existed between Coffman, Karen

3

Lowery, and Julia Franklin to possess 500 grams of methamphetamine with intent to distribute. Coffman's co-conspirators both testified to his involvement in the scheme. Julia Franklin testified that she, Lowery, and Coffman made an agreement that she, Franklin, would buy methamphetamine from Lowery and Coffman because they had a cheaper source. Franklin further testified that she openly dealt with Lowery in front of Coffman because she considered him part of the conspiracy. Karen Lowery, the other co-conspirator, testified that Coffman lived with her on-and-off during the time-frame of the conspiracy. She testified that Coffman brought Robert Smith to their trailer for the purpose of arranging a deal to get methamphetamine at a better price. She further testified that Coffman carried the money (pooled by Lowery and Julia Franklin) on 12 trips to Atlanta with Robert Smith to purchase methamphetamine. Lowery stated that she paid Coffman with methamphetamine for making the trips to Atlanta. Franklin accompanied Coffman and Smith on one of their trips to Atlanta and she testified that she saw Coffman and Smith get a phone call, leave the motel, and then return with methamphetamine.

Christopher Cade, the government informant, testified that when he purchased one ounce of methamphetamine, he gave the money to Lowery and Coffman handed him the methamphetamine. Joshua Mauldin, another government

4

witness, testified that he witnessed Coffman's purchase of methamphetamine in Atlanta.

Coffman argues that these witnesses are not credible because they were motivated to testify by the hope of receiving favorable treatment in their own criminal cases. In addition, Coffman claims that Cade and Mauldin were housed in the same cell unit at the jail and traveled to court together. Therefore, Coffman argues, we can presume that Cade and Mauldin shared information about Coffman despite their denials. Coffman made these same arguments at trial but the jury still convicted. The jury knew that the witnesses were felons, and that they were cooperating with the government. Nonetheless, the jury made its credibility determinations and decided that there was sufficient evidence to convict Coffman. This Court has held that a defendant's conviction is not subject to reversal, even though it relies on the testimony of "an array of scoundrels, liars and brigands," unless that testimony is "unbelievable on its face" – i.e., if the testimony is about facts that the witness "physically could not have possibly observed or events that could not possibly have occurred under the laws of nature." United States v. Calderon, 127 F.3d 1314, 1324 (11th Cir. 1997).

We conclude that the testimony at trial provided sufficient evidence to support Coffman's conviction for conspiracy to distribute methamphetamine

because it established that: (1) an illegal agreement existed; (2) Coffman knew about it; and (3) he knowingly and voluntarily joined it. Credibility determinations are solely within the jury's province, and the jury chose to believe other witnesses instead of Coffman's own testimony. Therefore, the district court did not err when it denied Coffman's motion for judgment of acquittal.

## II.

Coffman asserts that the trial judge erred in giving him a two-point Sentencing Guidelines enhancement for obstruction of justice. However, Coffman also acknowledges that the issue may be moot, or harmless error, because Coffman's two prior felony drug convictions required a mandatory sentence of life imprisonment.

Federal law requires that a person who is convicted of violating § 841 involving 50 grams or more of methamphetamine shall receive a minimum sentence of ten years. 21 U.S.C. § 841(b)(1)(A)(viii). However, if a person violates this statute after two or more prior convictions for a felony drug offense, there is a minimum mandatory sentence of life imprisonment without release. Id. Coffman's previous drug convictions compelled the life sentence and, therefore, the Guidelines calculation did not affect Coffman's sentence.

This Circuit has concluded that, when a district court correctly imposes the

6

statutory mandatory minimum sentence for an offense, any error in the Guidelines calculations is harmless, and a defendant's claim that his sentence is unconstitutional in light of <u>Booker</u> lacks merit.  <u>United States v. Raad</u>, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005). Thus, we find no reversible error. We conclude that the district court had no choice but to sentence Coffman to life imprisonment, pursuant to the statutory requirements of 21 U.S.C. § 841(b)(1)(A)(viii). Accordingly, we affirm Coffman's conviction and sentence.

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is denied.