[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2007
THOMAS K. KAHN
CLERK

No. 06-14975
Non-Argument Calendar

_____

D. C. Docket No. 05-00059-CR-001-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DON GORDON HENRY,
a.k.a. Michael Anthony Henry,
a.k.a. Jamaica Mike,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 10, 2007)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Don Gordon Henry appeals his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). On appeal, he argues (1) that the evidence at trial did not establish beyond a reasonable doubt that the substance he discarded during his flight from police was cocaine base; (2) that the evidence at trial did not establish beyond a reasonable doubt that he had constructive possession of the cocaine base located by authorities during a search of the residence; (3) that the hearsay statement attributed to confidential informants, contained in Exhibit 21—a police report introduced at trial—was admitted in violation of the Confrontation Clause of the Sixth Amendment; and (4) that the Confrontation Clause violation was not harmless beyond a reasonable doubt.

After reviewing the record and the parties' briefs, we affirm Henry's conviction.

## I. DISCUSSION

A.  <u>Sufficiency of the Evidence</u>

We review de novo the district court's denial of a motion for a judgment of acquittal, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Government. <u>United States v. Descent</u>, 292 F.3d 703, 706 (11th Cir. 2002). To affirm the denial of a motion for a judgment of

acquittal, we "need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." Id. (internal quotations and citation omitted). "The evidence may be sufficient though it does not 'exclude every reasonable hypothesis of innocence or is not wholly inconsistent with every conclusion except that of guilt. . . . A jury is free to choose among reasonable constructions of the evidence.'" United States v. Montes-Cardenas, 746 F.2d 771, 778 (11th Cir. 1984) (quoting United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc)).

For a conviction under § 841(a)(1), the Government must prove beyond a reasonable doubt that the defendant knowingly possessed cocaine base with the intent to distribute it. United States v. Thomas, 473 F.3d 1137, 1142 (11th Cir. 2006). "Possession can be actual or constructive and can be shown through direct or circumstantial evidence," and "[c]onstructive possession exists where the defendant had dominion or control over the drugs or over the premises where the drugs were located." Id. (citations omitted). The identity of a controlled substance can be established by circumstantial evidence. See United States v. Baggett, 954 F.2d 674, 677 (11th Cir. 1992).

The evidence introduced at trial established: (1) that Henry, during his flight from the arresting officer, discarded a bag containing a substance that field-tested

3

positive for cocaine; (2) that the cocaine-positive field test provided the probable cause necessary to support the issuance of the warrant that permitted the search of the residence;[1] (3) that two additional bags of suspected narcotics were discovered in the bedroom of the residence; (4) that the bag selected for testing by the GBI (one of the three bags recovered by law enforcement) contained 70.40 grams of a substance positively identified through chemical analysis as cocaine base; (5) that the bag selected for testing by the GBI came either from Henry's person or from the bedroom in the residence that was subsequently searched; (6) that Henry admitted to the police following his arrest that "all" of the drugs were his; and (7) that Henry and Hicks lived in the residence together and shared the bedroom in which the suspected narcotics were discovered. This evidence is sufficient to permit a jury to find beyond a reasonable doubt that Henry committed the indicted offense—possession with intent to distribute more than 50 grams of cocaine base.[2]

---

[1] Henry does not argue that the positive field test was insufficient to support a finding of probable cause for the issuance of the search warrant.

[2] It is irrelevant whether the GBI laboratory-tested sample came from the bag Henry discarded or from one of the two bags discovered in the bedroom of the residence. Either way, the tested bag contained over 50 grams of cocaine base, and, either way, Henry possessed the bag containing the cocaine base—whether "actually" (if the sample came from the bag he personally discarded) or "constructively" (if the sample came from one of the two bags found in the bedroom). We reject Henry's contention that the evidence at trial was insufficient to demonstrate that he had common authority over the bedroom where the narcotics were found. Hicks testified that Henry lived in the residence, shared the bedroom with her, and stored his clothes in the closet. Hicks was subject to cross examination, and the jury evidently found her testimony credible, as it was entitled to do. Contrary to Henry's argument, the Government, to establish constructive possession, was not required to offer evidence that Henry owned or leased

4

B.      The Confrontation Clause of the Sixth Amendment

We review constitutional questions de novo. United States v. Brown, 364 F.3d 1266, 1268 (11th Cir. 2004).  Under the Confrontation Clause of the Sixth Amendment, testimonial hearsay is admissible only if the declarant is unavailable, and the defendant has had a prior opportunity to cross-examine him or her. Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004).  Confrontation Clause violations are reviewed for harmless error.  See Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S. Ct. 1431, 1438 (1986).  Under this analysis, the Government must prove that the constitutional violation was harmless beyond a reasonable doubt.  Id.  In Van Arsdall, the Supreme Court noted that

> [w]hether [a Confrontation Clause] error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

Id.

Henry challenges as a Confrontation Clause violation a single sentence in Exhibit 21, Detective Miller's police report.  The challenged sentence was: "I was

---

the residence, that he received mail at the residence, or that law enforcement officials had observed him enter or exit the residence during a period when the residence was under surveillance.

contacted by confidential informants and they advised me that 'Jamaican Mike' did live at the residence and that he was selling narcotics from the residence." We will assume for the sake of argument that the challenged statement contained in the police report was testimonial hearsay for purposes of the Confrontation Clause and that its admission at trial was constitutional error. A review of the trial record, however, demonstrates that the Government has met its burden of showing that the error was harmless beyond a reasonable doubt. The statement that was recounted to the police officer by the confidential informants—that "'Jamaican Mike' did live at the residence and that he was selling narcotics from the residence"—was cumulative and of little or no importance to the Government's case. See id. at 684, 106 S. Ct. at 1438. Testimony from Hicks established that Henry was living at the residence and had common access to the bedroom where the cocaine base was found. Hicks's testimony was corroborated by the fact that male clothing was found in the closet of the bedroom. Hicks's testimony therefore established the material point of the hearsay statement—i.e., that Henry lived at the residence. Moreover, although the police report (including the statement by the confidential informants) was admitted into evidence, the Government never read its contents to the jury, or otherwise brought it to the jury's attention, or in any way relied upon the statement in proving its case against Henry. In other words, the statement was

immaterial to the Government's prosecution.[3]  Accordingly, any Confrontation

Clause violation caused by the statement's introduction at trial was harmless

beyond a reasonable doubt.

## II.  CONCLUSION

For the reasons stated above, Henry's conviction is affirmed.

**AFFIRMED.**

---

[3] The reference to the challenged statement about selling drugs from the residence was immaterial, as was the reference to Henry's living there.  The statement in the police report was never mentioned or relied upon, and the evidence of distribution was overwhelming.  Henry had $410 (in 10- and 20-dollar bills) on his person at his arrest.  The drugs were packaged in a manner indicating that they were intended to be sold—i.e., crack cookies.  Detective Miller testified, without objection, that he had information that Henry lived at the residence and possibly was selling drugs from there.  Finally, the volume of the drugs Henry possessed was indicative of distribution, not mere possession and consumption.  See United States v. James, 430 F.3d 1150, 1156 (11th Cir. 2005) ("[F]ederal law permits an inference of intent to distribute from a defendant's possession of a significantly large quantity of drugs").

7