[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14558
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20111-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AZAEL GUARIN MORENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 21, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Azael Guarin Moreno appeals his convictions for (1) smuggling 153 emeralds into the United States, in violation of 18 U.S.C. § 545; and (2) making false or fraudulent statements to the Department of Homeland Security regarding the emeralds, in violation of 18 U.S.C. § 1001(a)(2).  On appeal, Moreno argues the district court's supplemental instructions to the jury in response to a question from the jurors (1) constructively amended the indictment because it allowed the jury to convict him for intending to defraud Colombia or a private broker, rather than the United States; (2) repudiated or impaired the effectiveness of his defense; and (3) misled the jurors and prejudiced him.  After review of the record and consideration of the parties' briefs, we affirm.

The district court's response to the jury's question did not constructively amend the indictment.  *See United States v. Sanders*, 668 F.3d 1298, 1309 (11th Cir. 2012) ("A constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment." (quotation omitted)).  While deliberating, the jury sent a question to the district court asking: "Clarity: #3 the defendant acted willfully with intent to defraud the United States."  After consulting both parties, and over Moreno's objections, the district court responded:

> Intent to defraud is defined on Page 13 of the instructions.  Basically, it means to . . . act with the intent to deceive or cheat.

2

> Willfully is defined on Page 17.  To act willfully means to act with the intent to do something unlawful.  It requires proof that the defendant knew his conduct was generally unlawful but does not require that a defendant knew of the specific requirement he was violating.

In context, the district court's response did not expand the grounds on which the jury could convict Moreno.  *See United States v. Vernon*, 723 F.3d 1234, 1264 (11th Cir. 2013) ("In evaluating whether the indictment was constructively amended, we review the district court's jury instructions in context to determine whether an expansion of the indictment occurred either literally or in effect." (quotations and alteration omitted)).  The district court specifically referred the jury to the court's written instructions, which explained that Moreno could be found guilty of the smuggling charge only if it was proven beyond a reasonable doubt that he acted willfully with intent to defraud the United States.  The court also verbally instructed the jury consistent with the written instructions.  By repeating the definitions of "intent to defraud" and "willfully" in its supplemental instructions, the district court in no way indicated Moreno could be convicted for intending to defraud a party or entity other than the United States and no constructive amendment occurred.

For the same reasons, the district court's response to the jury's question did not repudiate or impair the effectiveness of Moreno's defense, which was premised on his contention that he hid the emeralds in the lining of his jacket and in his

3

luggage to avoid paying the Colombian government and a private broker, not to defraud the United States. In answering the jury's question, the district court did not alter or modify any elements of the charged offenses or its initial instructions such that Moreno was prevented from addressing all of the elements in his arguments to the jury. *See United States v. Descent*, 292 F.3d 703, 707 (11th Cir. 2002) (explaining that the district court impaired the effectiveness of the defense's arguments when it modified the amount the defendant could be required to forfeit in response to a jury question, thereby preventing counsel from addressing the entire amount during closing argument); *see also United States v. Lopez*, 590 F.3d 1238, 1252-54 (11th Cir. 2009). Moreno specifically argued that he was not charged with avoiding paying a broker's fee or intending to defraud the Colombian government, and that the jurors should find he was not guilty if his intent was to avoid paying a broker or paying fees to Colombia. The district court's supplemental instructions reiterating the definitions of the requisite mental states for the charged offenses did not undermine or repudiate those arguments.

The district court's supplemental instructions also did not mislead the jury or prejudice Moreno. Although Moreno argues that, as charged by the grand jury, "willfully" means "to act with the intent to deceive or cheat the United States government," the Supreme Court has held that "in order to establish a willful violation of a statute, the Government must prove that the defendant acted with

4

knowledge that his conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 191-92 (1998) (quotations omitted).  The district court's supplemental instructions accurately stated the law, *see id.*; *see also* 11th Cir. Pattern Jury Instr. (Crim) 20 (2010), and did not mislead or confuse the jury, particularly when viewed in light of the entire jury charge, indictment, evidence, and argument of counsel, *see United States v. Johnson*, 139 F.3d 1359, 1366 (11th Cir. 1998) ("A challenged supplemental jury instruction is reviewed as part of the entire jury charge, in light of the indictment, evidence presented and argument of  counsel to determine whether the jury was misled and whether the jury understood the issues." (quotation omitted)).

Accordingly, Moreno's convictions are **AFFIRMED.**