[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10617
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cr-00112-RBD-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH WITCHARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 25, 2016)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

A jury found Joseph Witchard guilty on all counts of a 30-count indictment: Counts 1-9, mail fraud, 18 U.S.C. § 1341; Counts 10-15, filing false claims (fraudulent income tax returns), 18 U.S.C. § 287; Counts 16-21, theft of government property, 18 U.S.C. § 641; and Counts 22-30, aggravated identity theft, 18 U.S.C. § 1028A.  The District Court sentenced Witchard to a total prison term of 331 months.[1]  He appeals his convictions and sentences.

Witchard seeks the dismissal of his indictment on the grounds that the delay between the search of his residence in February 2010 and the return of his indictment in April 2014 denied him due process of law as guaranteed by the Fifth Amendment and his Sixth Amendment right to counsel.  Witchard seeks the reversal of his convictions on Counts 6, 12, 18, and 27 for lack of sufficient evidence to convict.  Finally, he argues that the district court abused its discretion in denying his motion for a new trial.

Witchard challenges his total sentence on two grounds: (1) the district court erred in calculating his total offense level under the Sentencing Guidelines by not granting him a two-level reduction for acceptance of responsibility, and (2) his total sentence is substantively unreasonable.

---

[1]  The court imposed concurrent terms of 115 months on Counts 1-21, and 2 years on the remaining counts, each consecutive to the preceding numbered count.
    Witchard represented himself at trial and at sentencing.  Michelle P. Smith acted as standby counsel in those proceedings, and is representing Witchard in this appeal.

2

This case involved two fraudulent schemes. In one scheme, Witchard obtained identity information from individuals and then stole money from their retirement or life insurance accounts. In the other scheme, Witchard obtained identify information about individuals and filed fraudulent federal income tax returns in their names and obtained refunds. He was able to accomplish this by using power of attorney forms and other documents that convinced those to whom the checks were presented that the checks were legitimate. Dan Witchard, Witchard's nephew and a convicted felon,[2] cashed tax refund checks for Witchard and they "split the money." He was able to cash the checks by presenting what appeared to be a genuine power of attorney (provided by Witchard). With this background, we turn to Witchard's challenges on appeal, first to his convictions then to his total sentence.

I.

A.

Witchard argues that the district court should have dismissed the indictment under the Fifth Amendment's Due Process Clause and the Sixth Amendment's Speedy Trial Clause, if not its Counsel Clause, due to the delay between the search

---

[2] Dan Witchard was in custody in a federal prison at the time he testified at Witchard's trial. Dan Witchard testified that he asked my uncle, "how do I make some money? Because I was high on drugs, and didn't have any way to support my habit. So he came up with this plan."

of his residence in February 2010 and the return of the indictment in April 2014. We are not persuaded.

The Sixth Amendment's right to the assistance of counsel does not attach until the initiation of formal adversary proceedings. *United States v. Gouveia,* 467 U.S. 180, 189, 104 S.Ct. 2292, 81 L. Ed. 2d 146 (1984). In this case, the adversary proceedings commenced with the return of the indictment. Thus, the pre-indictment delay Witchard cites did not implicate the Counsel Clause. *Patterson v. Illinois*, 487 U.S. 285, 290, 108 S. Ct. 2389, 2393, 101 L. Ed. 2d 261 (1988).

The Sixth Amendment also guarantees an accused "the right to a speedy and public trial." U.S. CONST. amend. VI. Although delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment, see *United States v. Lovasco*, 431 U.S. 783, 788-789, 97 S. Ct. 2044, 2047-48, 52 L. Ed. 2d 752 (1977), or to a claim under any applicable statutes of limitations, the Sixth Amendment right to a speedy trial is not triggered "until charges are pending." *United States v. MacDonald*, 456 U.S. 1, 7, 102 S. Ct. 1497, 1501, 71 L. Ed. 2d 696 (1982). In this case, charges were pending when the indictment was returned.

"The limit on pre-indictment delay is usually set by the statute of limitations." *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996). The Fifth Amendment's Due Process Clause can bar an indictment, however, even if the indictment is brought within the limitation period. *See generally United States*

4

*v. Marion*, 404 U.S. 307, 323-27, 92 S. Ct. 455, 465-66, 30 L. Ed. 2d 468 (1971), and *United States v. Lovasco*, 431 U.S. 783, 788-91, 97 S. Ct. 2044, 2048-49, 52 L. Ed. 2d 752 (1977). The Clause requires dismissal of an indictment if the accused can show that pre-indictment delay (1) caused actual prejudice to the conduct of his defense, and (2) was the product of deliberate action by the government designed to gain a tactical advantage. *United States v. LeQuire*, 943 F.2d 1554, 1560 (11th Cir. 1991). A stringent standard is used when examining prejudice; the accused must show that the prejudice impaired the fairness of the trial. *Id.* In *LeQuire*, we held that the accused failed to satisfy his burden of showing a deliberate delay to gain tactical advantage because the evidence showed that the prosecution had insufficient evidence to move forward with charges until the key witness began cooperating three years later. *Id.* (citing *United States v. Reme*, 738 F.2d 1156, 1163 (11th Cir. 1984) (holding that because prosecutors are under no duty to file charges before they feel they can meet their burden of proof, "even where the defendant has been prejudiced by pre-accusation delay, if it is investigative delay the defendant has not been deprived of due process")).

We review for abuse of discretion the district court's denial of Witchard's motion to dismiss the indictment on the basis of the pre-indictment delay. *United States v. Wetherald*, 636 F.3d 1315, 1320 (11th Cir. 2011). We find no abuse here.

This was a complex case. The investigation involved four federal agencies,[3] the Postal Inspection Service, IRS, Secret Service and the Veterans' Administration, over 60 victims in addition to scores of other witnesses, and Witchard's 30-year criminal history. Witchard failed to show that the pre-indictment delay was the product of a deliberate action by the Government to gain a tactical advantage. Further, he failed to demonstrate prejudice.

B.

Witchard contends that the district court erred in denying his Federal Rule of Criminal Procedure 29 motion for judgment of acquittal on Counts 6, 12, 18 and 27 of the indictment. To affirm the denial, "we need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *United States v. Hansen,* 262 F.3d 1217, 1236 (11th Cir.2001) (internal quotations and citation omitted). In making that determination, we consider the evidence, and all inferences reasonably drawn from it, in the light most favorable to the government. *United States v. Gupta*, 463 F.3d 1182, 1193-94 (11th Cir. 2006); *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002). Witchard says that the evidence was insufficient to convict on Counts 6 (mail fraud), 12 (false claims), 18 (theft of government property), and 27

---

[3] The federal agencies' involvement began after the Orlando Police Department realized that its investigation implicated federal criminal statutes.

6

(aggravated theft).  The victim in those counts, R.M., lived in Texas,  He was unable to travel to testify at Witchard's trial.

Mail fraud, 18 U.S.C. § 1341, consists of of "(1) an intentional participation in a scheme to defraud a person of money or property, and (2) the use of the mails in furtherance of the scheme." *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009).  "A scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property." *Id.*  "A misrepresentation is material if it has a natural tendency to influence, or is capable of influencing, the decision maker to whom it is addressed." *Id.* (quotations and alteration omitted).

The false claims statute, 18 U.S.C. § 287, makes it unlawful to "make[ ] or present[ ] to any . . . department or agency [of the United States], any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent."  To prove a violation of § 287, the government must establish that the defendant: (1) made or presented a false, fictitious, or fraudulent claim to a department or agency of the United States; (2) knew the claim was false, fictitious, or fraudulent; and (3) made the claim "with the specific intent to violate the law or with a consciousness that what he was doing was wrong." *United States v. Slocum*, 708 F.2d 587, 596 (11th Cir. 1983).

To prove theft of government property, 18 U.S.C. § 641, the government must show that (1) the money or property belonged to the government; (2) the defendant fraudulently appropriated the money or property to his own use or the use of others; and (3) the defendant did so knowingly and willfully with the intent either temporarily or permanently to deprive the owner of the use of the money or property. *United States v. McRee*, 7 F.3d 976, 980 (11th Cir. 1993) (*en banc*).

To sustain a conviction for aggravated identity theft, 18 U.S.C. § 1028A, the government must establish "that the defendant (1) knowingly transferred, possessed, or used; (2) the means of identification of another person; (3) without lawful authority; (4) during and in relation to a felony enumerated in § 1028A(c)," which includes mail fraud. 18 U.S.C. § 1028A(c); *United States v. Barrington*, 648 F.3d 1178, 1192 (11th Cir. 2011).

That R.M. did not testify did not preclude the Government from proving these offenses. The circumstantial evidence sufficed for that purpose---the use of fake foster children on the tax returns, listing Witchard's spouse or himself as representative payee, and the use of fraudulent powers of attorney---showed similarities that were sufficient for a reasonable jury to conclude that Witchard did not have the victim's permission or authorization to file the false documents.

8

C.

Witchard contends that the district court abused its discretion in denying his motion for a new trial. His grounds for a new trial, he represents, were that the evidence was insufficient to convict him on Counts 6, 12, 18 and 27, Appellants' Br. at 14, that the court improperly constrained his closing argument to the jury, *id.* at 14-16, and that the cumulative effect of the court's erroneous rulings prejudiced his defense, *id.* at 16-17. Witchard raised none of these grounds in his motion for new trial. Moreover, as the district court properly concluded, his motion was untimely and thus was denied for that reason. Accordingly, to hold that the district court should have granted him a new trial *sua sponte*, Witchard has to convinced us that it was plain error for the court not to do so.[4] He cites nothing that would constitute error much less plain error, so his argument fails.

II.

A.

Witchard challenges his total sentence of 331 months on two grounds. The first is that the district court erred in reducing his total offense level under the Guidelines for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

---

[4] "For there to be plain error, there must (1) be error, (2) that is plain, (3) that affects the substantial rights of the party, and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Foley,* 508 F.3d 627, 637 (11th Cir. 2007) (internal quotationmarks omitted).

Witchard did not object to the court's action; hence, we review it for plain error. We find no error here, much less plain error.

Section 3E1.1(a) provides that a defendant's offense level should be decreased by two points if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The "defendant bears the burden of clearly demonstrating acceptance of responsibility. *United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005) (citing U.S.S.G. § 3E1.1 cmt. n.3). In determining whether a defendant should be granted the two-level reduction under § 3E1.1(a), a court should consider whether the defendant "voluntarily surrender[ed] to authorities promptly after commission of the offense" and the timeliness of his acceptance of responsibility. *Id.* § 3E1.1, cmt. n.1(D), (H). The commentary to § 3E1.1 explains that the adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, cmt. n.2. The district court, however, may not refuse to find acceptance of responsibility *per se* solely because the defendant proceeded to trial. *Id.*; *United States v. Castillo-Valencia*, 917 F.2d 494, 500 (11th Cir. 1990). Specifically, the commentary to § 3E1.1 explains that, in "rare situations," a defendant may demonstrate his acceptance of responsibility, even though he exercises his constitutional right to proceed to trial, when, for example, "a

10

defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." U.S.S.G. § 3E1.1, cmt. n.2. In these situations, the court will base its determination that the defendant has accepted responsibility primarily upon pre-trial statements and conduct. *Id.*

On the record of this case, we cannot say that the court committed plain error in not reducing *sua sponte* Witchrd's total offense level under § 3E1.1(a). Witchard never expressed remorse for his conduct, not even at sentencing. True, he said that had the Government indicted him sooner, he might have received a sentence that would run concurrently with the sentence he received in state court. The district court could not be faulted, though, in rejecting the comment as an expression of remorse.

## B.

Witchard argues that his total sentence is substantively unreasonable. His main point is that the sentence is disparate when considering that his coconspirators, Tarmeka Blanks and his newphew, Ran Witchard, were not even charged.[5] The problem he faces is that he cites no similarly situated offender who received a lesser sentence. The disparity issue aside and considering the purposes of sentencing set out in 18 U.S.C. § 3553(a)(2), we cannot say that Witchard's total

---

[5] That they testified against Witchard as prosecution witnesses also rendered them dissimilar.

11

sentence is substantively unreasonable.  His fraudulent scheme spanned several years and affected many victims, resulting in a loss to them of more than $150,000 and an intended loss of more than $200,000.  And his history of criminal activity was extensive.  It included multiple convictions for burglary, which covered a span of 20 years, and crimes involving fraud and forgery.  His prior convictions yielded a Criminal History Category of VI.  A period of incarceration such as the court imposed was plainly necessary to serve the sentencing purposes of punishment, general deterrence, and specific deterrence.  *See* 18 U.S.C. § 3553(a)(2)(A), (B) and (C).  In sum, we hold that Witchard's total sentence of 331 months is not substantively unreasonable.

### III.

For the foregoing reasons, Witchard's convictions and sentences are AFFIRMED.

12