[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14126
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00228-MJG-MCR -1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONDELL SCOTT HEDRICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 3, 2016)

Before JORDAN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellee Rondell Hedrick appeals from a final judgment of the United States District Court for the Middle District of Florida denying Hedrick's motion for a judgment of acquittal as to the charge of having committed wire fraud in violation of 18 U.S.C. § 1343.[1] Hedrick argues on appeal that the district court erred in denying his motion because the Government failed as a matter of law to prove the accusation beyond a reasonable doubt. After careful review of the briefs and relevant parts of the record, we affirm.

This case arises out of a criminal indictment filed on December 18, 2013 charging that Hedrick engaged in a scheme and artifice to defraud by means of an internet website advertising various purported investment opportunities, including an investment into world gold markets, in violation of 18 U.S.C. § 1343. The indictment charged that, among other false representations, the website advertised that Hedrick's corporation, Hedrick Consulting, Inc., bought gold in any quantity for cash in Dubai, United Arab Emirates, Accra, Ghana, and other places. As part of this scheme, Hedrick pitched a purportedly profitable international gold

---

[1] Section 1343 provides in relevant part that:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."

18 U.S.C. § 1343.

investment opportunity to a Confidential Source ("CS") who held himself out as a principal of a charitable organization. Hedrick allegedly made numerous false representations to the CS, including that Hedrick regularly buys gold and has business relationships with gold mines and precious metals refineries throughout the world. Hedrick communicated with the CS via cellular telephone and email to discuss the proposed gold investment scheme and to send documents including a Promissory Note and a Purchase and Sales Agreement to attempt to consummate the CS's investment of $500,000.00. After meeting with the CS at a hotel in Jacksonville, Florida to close the deal, Hedrick was confronted by law enforcement.

Hedrick's indictment led to a jury trial held October 20–23, 2014. Following the close of the Government's case-in-chief, Hedrick moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). The district court denied the motion without prejudice. At the close of evidence, Hedrick renewed his motion pursuant to Rule 29(a). The district court again denied the motion. The jury returned a verdict finding Hedrick guilty as charged.

We evaluate the sufficiency of the evidence *de novo*, reviewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict.  United States v. Jernigan, 341 F.3d 1273, 1278 (11th Cir. 2003).  "If there is a lack of substantial evidence . . . from which a

3

reasonable fact-finder could find guilt beyond a reasonable doubt, the conversion must be reversed." United States v. Mieres-Borges, 919 F.2d 652, 656 (11th Cir. 1990). However, this Court "will affirm a conviction so long as '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Croteau, 2016 WL 1399456, at *8 (11th Cir. Apr. 11, 2016) (quoting United States v. Hunt, 526 F.3d 739, 744 (11th Cir. 2008)). We review the district court's denial of a motion for judgment of acquittal *de novo*. United States v. Descent, 292 F.3d 703, 706 (11th Cir. 2002).

To prove wire fraud in violation of § 1343, the government must show beyond a reasonable doubt that the defendant intentionally (1) participated in a scheme or artifice to defraud; and (2) used the interstate wires to carry out that scheme. United States v. Langford, 647 F.3d 1309, 1320 (11th Cir. 2011).  A scheme to defraud requires proof of material misrepresentations, or the omission or concealment of material facts. United States v. Hasson, 333 F.3d 1264, 1270–71 (11th Cir. 2003). A material misrepresentation is one having a natural tendency to influence, or capable of influencing, the decision maker to whom it is addressed. Id.  at 1271 (citing Neder v. United States, 527 U.S. 1, 25 (1999)). We have held that the mail fraud statute— and hence the wire fraud statute—prohibits "*any* scheme or artifice to defraud," no matter how fanciful and without regard to whether a person of ordinary prudence and comprehension would rely upon the

4

misrepresentation. United States v. Svete, 556 F.3d 1157, 1169 (11th Cir. 2009) (en banc) (emphasis in original); see also United States v. Bradley, 644 F.3d 1213, 1239 n.57 (11th Cir. 2011).

Hedrick argues on appeal that there was insufficient evidence as a matter of law to prove beyond a reasonable doubt that he was guilty of committing wire fraud in violation of 18 U.S.C. § 1343. Specifically, while Hedrick admits that he used interstate wire transmissions for the purpose of communicating with the CS with regards to the proposed gold investment scheme at issue, he claims that the Government failed to show beyond a reasonable doubt that that the transaction was fraudulent or that he possessed the requisite intent to defraud. In brief, Hedrick insists that he cannot be found guilty of committing wire fraud because he had full intention to carry through with the proposed gold investment scheme.

We disagree. The record contains ample evidence to support a finding that that Hedrick intentionally participated in a scheme to defraud in violation of § 1343. The record shows that Hedrick made numerous misrepresentations calculated at influencing the CS to invest in gold through his consulting firm. For instance, Hedrick represented himself as an established and successful international gold dealer who had completed "hundreds of joint ventures" in various investment categories and that he had completed enough large-quantity gold deals to make gold-dealing his "primary" business. In fact, Hedrick had

5

completed no such deals. Indeed, Hedrick admitted that had never bought as much as a kilogram of gold. Hedrick also claimed to have an established banking relationship with Soleil Chartered Bank, off-shore earnings, a license, gold in Liberia, "people on the ground" in West Africa, his own plane, and a reputation for conducting "ground buys in Accra." All of this was simply false. Even if we were to credit Hedrick's argument on appeal that he ultimately intended to go through with the proposed gold investment, the calculated use of these material misrepresentations to induce the CS to enter into the transaction was itself a scheme or artifice to defraud. We therefore have no difficulty holding that there was sufficient evidence to convict.

The judgment of the district court is affirmed.

AFFIRMED.