[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-15419
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 7, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00285-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES M. HAIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 7, 2008)

Before ANDERSON, CARNES  and BARKETT, Circuit Judges.

PER CURIAM:

Charles Hair appeals his 365-month aggregate sentences for 3 counts of

transport and shipment of child pornography in interstate commerce by computer, in violation of 18 U.S.C. § 2252A(a)(1) , and 1 count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  On direct appeal, we vacated Hair's initial sentence and remanded for re-sentencing and a determination of a sufficient basis for any enhancement to Hair's offense level based on a pattern of sexual abuse or exploitation of a minor.  In this appeal, Hair argues that the district court erred at re-sentencing in increasing his offense level by five levels, pursuant to U.S.S.G. § 2G2.2(b)(4) (2003), for engaging "in a pattern of activity involving the sexual abuse or exploitation of a minor."  In particular, Hair argues that the district court should have considered the definition of "sexual abuse or exploitation" contained in guidelines Amendment 664, which Hair contends was a clarifying amendment.  Hair also argues that the district court increased his sentence based on facts that were not alleged in the indictment or proven to a jury beyond a reasonable doubt, in violation of the Fifth and Sixth Amendments.

## I.  U.S.S.G. §2G2.2(b)(4) (2003)

We review "a district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts de novo."  United States v. Moriarty, 429 F.3d 1012, 1021 (11th Cir. 2005) (quotation omitted).  "When a

2

defendant objects to a factual finding that is used in calculating his guideline sentence[,] the government bears the burden of establishing the disputed fact by a preponderance of the evidence." Id. (quotation omitted).

Section 2G2.2 of the Sentencing Guidelines provides the offense level calculation for trafficking in child pornography. U.S.S.G. § 2G2.2. That section provides a five-level enhancement if "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(4) (2003). A "pattern of activity involving the sexual abuse or exploitation of a minor" requires at least two separate instances of such conduct by the defendant. U.S.S.G. § 2G2.2, comment. (n.1). Section 2G2.2 was amended in November 2004 pursuant to Amendment 664, which redesignated the enhancement provision as subsection (b)(5). U.S.S.G. App. C, Amendment 664. Although the applicable commentary was altered, the text of the enhancement provision remained unchanged. See id. The commentary in effect at the time of Hair's original sentencing in September 2004 provided:

> 'Sexual abuse or exploitation' means conduct constituting criminal sexual abuse of a minor, sexual exploitation of a minor, abusive sexual contact of a minor, any similar offense under state law, or an attempt or conspiracy to commit any of the above offenses. 'Sexual abuse or exploitation' does not include trafficking in material relating to the sexual abuse or exploitation of a minor.

U.S.S.G. § 2G2.2, comment. (n.1) (2003); see U.S.S.G. App. C, Amendment 664.

3

The amended commentary effective November 1, 2004, provides:

> 'Sexual abuse or exploitation' means any of the following: (A) conduct described in 18 U.S.C. § 2241, § 2242, § 2243, § 2251, § 2251A, § 2260(b), § 2421, § 2422, or § 2423; (B) an offense under state law, that would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States; or (C) an attempt or conspiracy to commit any of the offenses under subdivisions (A) or (B). 'Sexual abuse or exploitation' does not include possession, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor.

U.S.S.G. § 2G2.2, comment. (n.1) (2004); see U.S.S.G. App. C, Amendment 664.

Upon remand, a district court must determine the guideline sentencing range by reference to the Guidelines "that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments thereto by any act of Congress that was in effect on such date . . . ." 18 U.S.C. § 3742(g)(1) (the "Feeney Amendment"). The Feeney Amendment requires the use of the prior Guidelines even if there has been a later favorable change in the law. United States v. Bordon, 421 F.3d 1202, 1207 (11th Cir. 2005). In addition, courts generally must apply the guidelines manual in effect on a particular date in its entirety. United States v. Bailey, 123 F.3d 1381, 1404 n.33 (11th Cir. 1997). However, it is "well-settled in this circuit that the sentencing court should consider clarifying amendments when interpreting the guidelines, even when sentencing defendants convicted before the effective date of the amendments." United States

4

v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (quotations omitted). "Clarifying amendments do not effect a substantive change, but provide persuasive evidence of how the Sentencing Commission originally envisioned application of the relevant guideline." United States v. Descent, 292 F.3d 703, 707-08 (11th Cir. 2002). An amendment may be substantive if it "substantively alters any relevant preexisting commentary." Id.

In determining whether an amendment is clarifying or substantive, we consider, among other things: (1) whether the commentary states that the amendment is intended to be clarifying; and (2) the list of amendments intended to be applied retroactively, contained in U.S.S.G. § 1B1.10(c). Id. at 708-09. Also relevant are whether "the amended commentary either contradicts or substantively alters any relevant preexisting commentary." United States v. Summers, 176 F.3d 1328, 1331 (11th Cir. 1999) (quotation omitted).

We hold that the portion of Amendment 664 defining "sexual abuse or exploitation of a minor" was substantive and, thus did not apply at resentencing. Even though Amendment 664 did not change the text of the enhancement provision itself, it did substantively alter the commentary that defined "sexual abuse or exploitation." See U.S.S.G. App. C, Amendment 664. In particular, "abusive sexual contact" was specifically included in the definition of sexual abuse

5

or exploitation in the 2003 commentary, but it appears that it was excluded from the amended commentary, because 18 U.S.C. § 2244 was not among the listed offenses. See id.; U.S.S.G. § 2A3.4; 18 U.S.C. § 2244. Thus, the amendment did not merely clarify what sexual abuse or exploitation meant, but changed the definition to exclude certain conduct that had been included previously. Whether the omission of abusive sexual contact was intentional, the effect was a substantive change in the covered conduct. Moreover, Amendment 664 does not state that it is intended to be clarifying, and the amendment is not listed in U.S.S.G. § 1B1.10(c). See generally U.S.S.G. App. C, Amendment 664; U.S.S.G. § 1B1.10(c). Therefore, Amendment 664 is a substantive amendment with regard to the definition of sexual abuse or exploitation, and the district court correctly declined to apply the amendment retroactively. See Summers, 176 F.3d at 133; Descent, 292 F.3d at 708.

Under the 2003 Guidelines in effect at Hair's original sentencing, the government established by a preponderance of the evidence that Hair committed two prior instances of sexual abuse or exploitation of a minor. Hair admits that the 1982 incident, in which he allegedly performed oral sex on a minor in a park, would qualify as sexual abuse or exploitation of a minor under U.S.S.G.

6

§ 2G2.2(b)(4)[1] but challenges the credibility and reliability of the evidence. However, Hair did not raise that challenge in his brief in his first appeal so we will not address it on return from remand. United States v. Fiallo-Jacome, 874 F.2d 1479 (11th Cir. 1989) (rejecting appellant's attempt to raise new issues in appeal from resentencing).

Two incidents are required to establish a pattern of sexual abuse or exploitation for purposes of the five-level enhancement. U.S.S.G. § 2G2.2(b)(4), comment. (n.1). Therefore, the enhancement will apply if either the 1986 wasp incident or the 1989 note-dropping incident qualified as an incident of sexual abuse or exploitation of a minor under the Guidelines.

Hair does not argue that the 1986 wasp incident was not sexual abuse or exploitation under the 2003 Guidelines, but instead argues that the incident would not be a crime under the statutes listed in the amended commentary to U.S.S.G. § 2G2.2. As discussed above, the district court correctly declined to apply the amended commentary, as it was substantive rather than clarifying. The 2003 commentary to § 2G2.2 specifically included "abusive sexual contact" in the definition of sexual abuse or exploitation. U.S.S.G. § 2G2.2, comment. (n.1)

---

[1] Additionally, 1982 incident qualifies as sexual abuse or exploitation of a minor under Amendment 664 because it would violate 18 U.S.C. § 2243. See U.S.S.G. Appx. C, Amendment 664; 18 U.S.C. § 2243(a).

(2003). Although "abusive sexual contact" was not defined in § 2G2.2, courts may look to other guideline sections for guidance on a case-by-case basis. See generally U.S.S.G. § 2G2.2, comment. (n.1); see Saunders, 318 F.3d at 1264. By reference to U.S.S.G. § 2A3.4, which further references 18 U.S.C. § 2244, the definition of abusive sexual contact may be found in 18 U.S.C. § 2246(3). See U.S.S.G. § 2A3.4, comment; 18 U.S.C. § 2246(3). Under 18 U.S.C. § 2246(3), the 1986 wasp incident fits within the definition of "abusive sexual contact" because it involved the intentional touching of the buttocks of a minor, "with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." See 18 U.S.C. §§ 2244, 2246(3). Thus, the 1986 wasp incident qualified as sexual abuse or exploitation under § 2G2.2(b)(4), and the government established a pattern by proving the 1982 and 1986 incidents. See U.S.S.G. § 2G2.2(b)(4) and comment. (n.1). Accordingly, the district court did not err in applying the five-level enhancement, pursuant to § 2G2.2(b)(4).

In the 1989 incident, Hair approached a boy, dropped a note in front of him which stated that Hair wanted to have oral sex with the boy, and also made a sexual gesture toward him. Section 2243 of Title 18, United States Code provides penalties for an attempt to engage in a sexual act with a minor. 18 U.S.C. § 2243(a). Hair's actions reflect an intent to commit an offense under 18 U.S.C.

8

§ 2243(a), and also constitute a substantial step toward committing the offense. See Murrell, 368 F.3d at 1286; Panfil, 338 F.3d at 1300, 1302-03; 18 U.S.C. § 2243(a). Therefore, even under the amended commentary, the 1989 note-dropping incident would qualify as sexual abuse or exploitation of a minor because the amended commentary includes a violation of 18 U.S.C. § 2243 in the definition of sexual abuse or exploitation. See U.S.S.G., App. C, Amendment 664. Thus, the 1982 and 1989 incidents together would also qualify as a pattern of sexual abuse or exploitation for purposes of § 2G2.2 as amended by Amendment 664. See U.S.S.G. § 2G2.2(b)(5), comment. (n.1) (2004).

## II. FIFTH AND SIXTH AMENDMENT

When the Guidelines are applied as advisory, a sentence may be enhanced based on facts found by the sentencing court, so long as the judicially found facts do not increase the sentence beyond the statutory maximum authorized by the facts admitted or found by the jury beyond a reasonable doubt. United States v. Hunt, 459 F.3d 1180, 1182 (11th Cir. 2006).

Because the district court applied the Guidelines as advisory and sentenced Hair to a term of imprisonment below the statutory maximum, the district court did not violate Hair's Fifth or Sixth Amendment rights by enhancing his sentence

9

based on judicially found facts.

## III. CONCLUSION

Based on a review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm Hair's sentences.

AFFIRMED.[2]

---

[2] Hair's request for oral argument is denied.