[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 17, 2008
THOMAS K. KAHN
CLERK

No. 08-10040
Non-Argument Calendar
_____

D. C. Docket No. 07-00038-CR-ORL-28DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY FRITZGERALD SEARS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2008)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Henry Sears appeals his convictions for conspiracy, importation, and distribution of cocaine hydrochloride, in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841, 846, 952, 960, and 963; and his guideline-range sentence of 97 months' incarceration. Sears argues that the trial evidence was insufficient to support the guilty verdicts for each count. He also contends that the district court abused its discretion in denying his motion for mistrial due to a government witness's reference to another pending investigation. Additionally, Sears maintains that the district court constructively amended the indictment when it instructed the jury that it could find guilt based on drug quantities less than those alleged. Lastly, Sears argues that the district court failed to impose a reasonable sentence.

I.

We review the sufficiency of the evidence <u>de novo</u>, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict. <u>United States v. Hernandez</u>, 433 F.3d 1328, 1332 (11th Cir. 2005). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt," <u>United States v. Harris</u>, 20 F.3d 445, 453 (11th Cir. 1994), because "[a] jury is free to choose among reasonable constructions of the evidence," <u>United</u>

States v. Vera, 701 F.2d 1349, 1357 (11th Cir. 1983).

To sustain a conviction for importation of a controlled substance, the government must prove that a defendant knew that he was importing a controlled substance. United States v. Quilca-Carpio, 118 F.3d 719, 720-21 (11th Cir.1997). Knowledge may be inferred from circumstantial evidence. Id. (involving a defendant who asserted that he was merely present and did not know of the drugs hidden in the luggage he claimed). To establish a conspiracy to import a controlled substance, the government must prove that a defendant agreed to import narcotics into the United States and knowingly and voluntarily participated in the agreement. United States v. Obregon, 893 F.2d 1307, 1311 (11th Cir. 1990). The government may prove the agreement by circumstantial evidence, through inferences from the conduct of the alleged participants, or from circumstantial evidence of a scheme. Id. Further, the government only need prove that the defendant knew the essential purpose of the conspiracy. Id. A defendant may be found guilty of a conspiracy even if his role is minor. Id.

"A violation of section 841(a)(1) occurs when the government proves beyond a reasonable doubt that a defendant possessed and intended to distribute a 'controlled substance.'" United States v. Williams, 876 F.2d 1521, 1525 (11th Cir.1989). To establish a conspiracy to distribute a controlled substance, the

3

government must prove an agreement by two or more persons to violate the narcotics laws. United States v. Tamargo, 672 F.2d 887, 889 (11th Cir. 1982). The agreement may be proved by circumstantial evidence. Id. A defendant only needs to know the essential objective of the conspiracy and may be convicted of a conspiracy even if his role is minor. Id.

The evidence at trial established that Sears agreed to participate in a conspiracy to import and distribute cocaine by flying from the Bahamas to the United States and claiming a distinctive red duffel bag that contained a significant amount of cocaine in furtherance of the conspiracy. Additionally, Sears's rental of vehicles for others and himself and his driving of vehicles that were connected with seizures of large sums of cash further supported the jury's inferential conclusion that Sears knowingly participated in a conspiracy related to the importation and distribution of drugs that began in 2003. Therefore, sufficient evidence supports Sears's convictions for Counts One through Four of the indictment.

## II.

We review denial of a motion for mistrial for abuse of discretion. United States v. Ramirez, 426 F.3d 1344, 1353 (11th Cir. 2005). "A defendant is entitled to a fair trial but not a perfect one." Id. (internal quotations omitted). We have

stated that: "Evidentiary . . . errors do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial rights." United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir. 1990). A defendant's substantial rights are not affected if properly admitted evidence sufficiently establishes guilt. Ramirez, 426 F.3d at 1353-54 (affirming denial of motion for mistrial where prosecutor disclosed that a codefendant had entered a guilty plea and evidence of codefendants's prior arrests were admitted based on sufficient properly admitted evidence supporting the conviction).

Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" Fed.R.Evid. 403. Rule 404(b) states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

Fed.R.Evid. 404(b). However, prejudice from improperly admitted evidence may be mitigated by a limiting instruction to the jury. United States v. Edouard, 485 F.3d 1324, 1346 (11th Cir. 2007).

The evidence introduced at trial without reference to Officer Price's testimony sufficiently supports the convictions against Sears. Thus, any error with

respect to the admission of Price's testimony did not impact Sears's substantial rights.  See Ramirez, 426 F.3d at 1353-54.  Moreover, any prejudice was mitigated by Price confirming on cross-examination that her testimony did not establish any illegal conduct by Sears and the district court's curative instruction that Sears was not a subject of the investigation.  See Edouard, 485 F.3d at 1346.  Therefore, the district court did not err in denying Sears's motion for mistrial.

## III.

The Sixth Amendment guarantees a defendant the right to be informed of the nature of the accusation against him.  U.S. Const. amend. VI.  The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."  U.S. Const. amend. V.  "A fundamental principle stemming from this amendment is that a defendant can only be convicted for a crime charged in the indictment."  United States v. Keller, 916 F.2d 628, 633 (11th Cir.1990).

We have held that "constructive amendment to the indictment is reversible error per se."  United States v. Descent, 292 F.3d 703, 706 (11th Cir. 2002).  "A constructive amendment [of an indictment] occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment."  United States v. Castro,

6

89 F.3d 1443, 1452-53 (11th Cir.1996) (citations omitted). Jury instructions can constructively amend an indictment. Id. at 1453. In determining whether an indictment was constructively amended, we look at whether the instructions, "viewed in context," literally or effectively expanded the indictment. United States v. Behety, 32 F.3d 503, 508-09 (11th Cir.1994) (citation omitted).

This court has held that the quantity of drugs is not an essential element of the offense because it only affects sentencing. United States v. Clay, 376 F.3d 1296, 1301 (11th Cir. 2004). Thus, in this case, the jury could have found Sears guilty if he conspired to import and distribute any amount of cocaine. Therefore, the district court did not constructively amend the indictment when it instructed that the jury that it could find guilt based on drug quantities that were less than those alleged in the indictment.

## IV.

We review a final sentence for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). In conducting this review, we apply a deferential abuse of discretion standard. Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 591, 594, 169 L.Ed.2d 445 (2007). We first review whether the district court committed a procedural error, such as incorrectly calculating the Guidelines, treating the Guidelines as mandatory, failing to consider the § 3553(a)

factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Id. at ___, 128 S.Ct. at 597. However, the district court is not required to recite particular language or specifically refer to § 3553's factors in stating its reasons for a sentence. United States v. Bonilla, 463 F.3d 1176, 1181-82 (11th Cir. 2006). If there were no such procedural errors, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.; see also United States v. Crisp, 454 F.3d 1285, 1290 (11th Cir. 2006).

> The factors presented in § 3553(a) include:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F3d at 786; see 18 U.S.C. § 3553(a). However, the district court is not required to discuss each individual factor when determining a sentence. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005). Further, a defendant challenging his sentence bears the burden of establishing that it is unreasonable. Talley, 431 F3d at 788.

8

Although acknowledging that the Supreme Court in <u>Rita v. United States</u>, 551 U.S. __, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) noted "that a sentence, independently calculated by the district court in accordance with <u>Booker</u>, that falls within the properly calculated Guideline range 'significantly increases the likelihood that the sentence is a reasonable one,'" we do not "presume reasonable a sentence within the properly calculated Guideline range." <u>United States v. Campbell</u>, 491 F.3d 1306, 1313-14 (11th Cir. 2007).

The whole record demonstrates that the district court properly imposed Sears's sentence after correctly calculating the Guidelines and considering the advisory Guidelines, 18 U.S.C. § 3553(a)'s factors, and the arguments of the parties. Accordingly, we affirm Sears's convictions and aggregate 97-month, guideline range sentence.

**AFFIRMED**