[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 11, 2012
JOHN LEY
CLERK

No. 11-13051
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00016-CAP-GGB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO PIEDRA-DIAZ,
a.k.a. Francisco Piedra,
a.k.a. Francisco Pieda,
a.k.a. Francisco Diaz,
a.k.a. Francisco Piedah,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 11, 2012)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

Appellant Francisco Piedra-Diaz appeals his 24-month sentence imposed by the district court for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). Piedra-Diaz first argues that in calculating the enhancement to his offense level based on his conviction for a prior felony, the district court erred by ignoring the Sentencing Commission's promulgated amendments to U.S.S.G. § 2L1.2, which were not in effect at the time of sentencing. He asserts that, as a result of this alleged error, the court incorrectly calculated a guideline range of 24 to 30 months' imprisonment, rather than 12 to 18 months' imprisonment. Second, he argues that his sentence was substantively unreasonable because the court failed to give proper weight to the 18 U.S.C. § 3553(a) sentencing factors, including deterrence, just punishment, and his personal history and characteristics, and the sentence was greater than necessary to achieve the sentencing goals in § 3553(a)(2).

We review "*de novo* a district court's application of the Sentencing Guidelines." *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). The district court uses the Guidelines Manual in effect on the date of sentencing, and "if a court applies an earlier edition of the Guidelines Manual, the court shall

2

consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." U.S.S.G. § 1B1.11(a), (b)(2). Similarly, "[w]hen reviewing the district court's application of the sentencing guidelines, we apply the version of the guidelines in effect on the date of the sentencing hearing." *United States v. Descent*, 292 F.3d 703, 707 (11th Cir. 2002). However, we consider subsequent amendments that clarify the Guidelines, regardless of the date of sentencing, but we will not retroactively apply substantive amendments to the Guidelines. *Jerchower*, 631 F.3d at 1184. In determining whether an amendment is substantive or clarifying, we consider: (1) whether the amendment alters the text of the Guidelines, suggesting a substantive amendment, or alters only the commentary, suggesting a clarifying amendment; (2) whether the Sentencing Commission has described the amendment as clarifying or whether the "statements in the amendment commentary reflect a substantive change in the punishment for an offense"; and (3) whether the amendment overturns circuit precedent, suggesting a substantive amendment. *Id.* at 1185.

On November 1, 2011, amendments to § 2L1.2(b) took effect that impacted the specific offense characteristic enhancement for defendants who unlawfully entered or remained in the United States following felony convictions. *See* U.S.S.G. § 2L1.2, historical notes, 2011 Amendments. Prior to the 2011

3

amendments, § 2L1.2(b)(1)(B) read: "If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase [the offense level] by 12 levels." *See id.* The 2011 amendments changed this Guideline provision by adding additional language that provides for a 12-level increase only if the conviction garners history points under Chapter Four, and if the conviction does not receive any history points, it results in only an 8-level increase. *See* U.S.S.G. § 2L1.2 (2011).

In this case, the record reflects that the district court used the 2010 Guidelines Manual that was in effect at the time of sentencing, so it was not required to consider any subsequent amendments in reaching its sentencing decision. Furthermore, the 2011 Guidelines amendment to § 2L1.2(b)(1)(b), which was not in effect at the time of Piedra-Diaz's sentencing, was substantive in nature, and therefore, we do not apply it retroactively on review. Accordingly, we conclude that the district court did not err in calculating a guideline range of 24 to 30 months' imprisonment based on the 2010 Sentencing Guideline Manual that was in effect at the time of sentencing.

## II.

We review the reasonableness of a sentence under a deferential abuse of

4

discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). The party challenging the sentence has the burden of establishing that the sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning that the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and

5

adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The court must state its reasons for imposing the particular sentence,18 U.S.C. § 3553(c), but is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors," *Talley*, 431 F.3d at 786 (internal quotation marks omitted). Rather, the court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments is sufficient. *See id.*

Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Id.* Reversal is only proper "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted). The district court's sentence does not have to be the most appropriate  sentence, but rather "need only be a reasonable one." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011).

In determining a reasonable sentence, the district court may consider facts

that have already been taken into account in calculating the defendant's guideline range. *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (district court could consider defendant's prior offenses in deciding to impose an upward variance, even though those offenses were already included in the defendant's criminal history score). Further, "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Id.* at 1322 (internal quotation marks and alterations omitted). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quoting *U.S. v. Talley*, 431 F.3d 784, 788 (2005)). Additionally, we have previously found a sentence well below the maximum sentence available for the offense to be substantively reasonable. *See United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We conclude from the record that Piedra-Diaz's sentence was substantively reasonable. The district court properly considered the § 3553(a) sentencing factors and Piedra-Diaz's arguments at sentencing, and the sentencing factors support the 24-month sentence. Piedra-Diaz has failed to demonstrate that his bottom-of-the-guideline-range sentence was outside of the range of reasonable sentences, especially given his three previous deportations and criminal history.

Accordingly, we affirm Piedra-Diaz's sentence.

**AFFIRMED.**