**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11747

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOHN RANDALL LASSITER III,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20485-CMA-1

————————————————

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

John Randall Lassiter III appeals his 37-month sentence for wire fraud, 18 U.S.C. § 1343. He argues that the district court erred by applying a sophisticated-means enhancement when calculating

his Sentencing Guidelines range and by not adequately explaining its denial of his request for a downward departure or variance. He also argues that this Court should remand for resentencing based on an amendment to the Guidelines that took effect after he was sentenced. We affirm.

## I.

Lassiter was indicted for four counts of wire fraud and two counts of money laundering arising from his submission of eleven fraudulent applications for government-backed small-business loans in 2020 and 2021. He pleaded guilty to one count of wire fraud in exchange for the government's dismissal of the remaining charges and certain sentencing recommendations not relevant here.

In connection with his guilty plea, Lassiter admitted that he submitted a materially false Paycheck Protection Program loan application on behalf of a company called United Travel Plus, seeking a $69,500 loan. On the application, Lassiter identified himself as the owner and manager of the company and accurately listed his contact information. But he also provided a false address for the company—which did not actually conduct business at that address or elsewhere—and falsely certified that the company employed five people to whom he paid more than $300,000 in wages. And he prepared fraudulent quarterly federal tax returns for 2019, which he submitted in support of his loan application.

The bank approved Lassiter's loan application and deposited $69,500 into his personal bank account. He did not spend the

money on approved business expenses but immediately transferred it into several other personal bank accounts. He later applied for and received loan forgiveness, and he never repaid the loan.

At sentencing, the district court applied a two-level sophisticated-means enhancement when calculating Lassiter's Sentencing Guidelines range. *See* U.S.S.G. § 2B1.1(b)(10). The court explained that the relevant conduct involved a sophisticated series of transactions requiring knowledge of complex loan programs and the creation and submission of multiple fraudulent documents, repeated many times over a one-year period. The district court also denied Lassiter's request for a downward departure or variance from the Guidelines range. It sentenced him to 37 months in prison followed by three years of supervised release.

Lassiter filed a notice of appeal. While the appeal was pending, Amendment 821 to the Sentencing Guidelines became effective. *See* U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023), Amendment 821. One of the amended guidelines provides a two-level reduction in offense level for offenders like Lassiter who have no criminal-history points and meet several other criteria. U.S.S.G. § 4C1.1. The Sentencing Commission made this part of Amendment 821 retroactive for sentence-reduction proceedings under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)–(b), (d) (2023).

## II.

We review a district court's factual finding that the defendant used sophisticated means under § 2B1.1(b) of the Guidelines for

clear error. *United States v. Robertson*, 493 F.3d 1322, 1329–30 (11th Cir. 2007). When a defendant does not object at sentencing to the district court's failure to explain its sentence, we review the adequacy of the explanation for plain error. *United States v. Steiger*, 99 F.4th 1316, 1319, 1324 (11th Cir. 2024) (en banc). We may reverse for plain error only if (1) the district court committed an error that is (2) plain, (3) affected the defendant's substantial rights—meaning that without the error, there is a reasonable probability that the outcome of the proceeding would have been different—and (4) affected "the fairness, integrity or public reputation of judicial proceedings." *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (quotation omitted). We review a district court's interpretation and application of the Guidelines de novo. *United States v. Martinez*, 964 F.3d 1329, 1333 (11th Cir. 2020).

## III.

## A.

Lassiter argues that the district court erred in applying a sophisticated-means enhancement because neither the requirements of the loan programs nor the loan application forms were complex. The Sentencing Guidelines provide for a two-level enhancement for an offense involving fraud that "otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." U.S.S.G. § 2B1.1(b)(10). "In this context, 'sophisticated' means 'very complex or complicated.'" *United States v. Buchanan*, 146 F.4th 1342, 1357 (11th Cir. 2025) (alteration adopted, citation omitted). In

evaluating sophistication, we consider the complexity of the scheme as a whole—"[t]here is no requirement that each of a defendant's individual actions be sophisticated in order to impose the enhancement." *United States v. Sosa*, 777 F.3d 1279, 1302 (11th Cir. 2015) (quotation omitted); *see United States v. Moran*, 778 F.3d 942, 977 (11th Cir. 2015).

We cannot say that the district court here clearly erred in finding that Lassiter's scheme involved sophisticated means. Over the course of a year, he applied for eleven loans on behalf of six different businesses that were either fictitious or nonoperational. To support his loan applications, he created multiple fraudulent documents, including different altered tax returns for each entity and supplemental statements, schedules, and income-and-loss reports when needed. And after he received the loan funds, he disbursed them through various personal accounts so that at sentencing the government still had no clear picture of how the money was spent. Although filling out a loan application may not require much sophistication, the district court did not clearly err in finding that the execution of Lassiter's fraudulent-loan operation as a whole was sufficiently complex to warrant the enhancement for sophisticated means.

**B.**

Lassiter also argues that the district court committed procedural error by failing to explain why it denied his request for a downward departure or variance from the Sentencing Guidelines. Specifically, he argues that the district court did not explain why it

rejected his arguments that the current fraud guidelines were un-reasonably harsh and that his serious medical condition warranted home confinement.

District courts are required by statute to "state in open court the reasons" for imposing a particular sentence. 18 U.S.C. § 3553(c). If the sentence falls within the Guidelines range and that range exceeds 24 months, the court is also required to state "the reason for imposing a sentence at a particular point within the range." *Id.* § 3553(c)(1). The court's explanation may be succinct, especially when it imposes a within-Guidelines sentence. *Rita v. United States*, 551 U.S. 338, 356–57 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 356.

Normally, the court's explanation will address the defendant's nonfrivolous arguments for a lower sentence. *Id.* at 357. But it is sufficient for the court to consider the parties' arguments and indicate that the defendant's circumstances do not warrant a departure or variance from the Guidelines range. *See id.* at 358; *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007). And when reviewing for plain error, we will affirm even when the district court does not explain its reasons for choosing a particular sentence if those reasons are evident from the record. *Steiger*, 99 F.4th at 1319.

It is abundantly clear that the district court here considered Lassiter's arguments for a downward departure or variance from the Guidelines range. Lassiter filed a written motion discussing

those arguments in detail, and the district court heard additional argument at sentencing about his health conditions and his position that the contemporary Guidelines provided unreasonably long sentencing ranges for fraud offenses. The district court specifically acknowledged defense counsel's "eloquent presentation" of arguments in both the written and oral submissions.

It is also clear from the record that the district court rejected Lassiter's arguments for a below-Guidelines sentence based on its analysis of the 18 U.S.C. § 3553(a) sentencing factors.[1] The court stated that the mid-range sentence was its judgment after "careful consideration" of the statutory sentencing factors, and it highlighted several factors that weighed heavily in its analysis. It explained that it had considered the defendant's medical conditions as part of his "history and characteristics," pointing out that those same challenges existed even as Lassiter repeatedly engaged in fraud to steal from the loan programs designed to support small businesses. *See* 18 U.S.C § 3553(a)(1). And it cited "the need to avoid unwarranted sentencing disparities" among similarly situated defendants as one reason it refused to vary or depart

---

[1] Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) relevant policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need for restitution to victims. 18 U.S.C. § 3553(a).

downward from the Guidelines range—in other words, it determined that Lassiter's circumstances did not justify giving him a lower sentence than other "defendants with similar records who have been found guilty of similar conduct." *Id*. at § 3553(a)(6). Finally, it explained that the bottom-of-the-Guidelines sentence suggested by the government did not sufficiently reflect the "very serious" offense conduct. *See id*. § 3553(a)(2)(a). The court's detailed explanation of its sentence was not error, much less plain error.

## C.

Finally, Lassiter argues that we should vacate his sentence and remand for resentencing using the current Guidelines so that he can benefit from the lower offense level provided by Amendment 821. We generally apply the same version of the Guidelines on appeal that was in effect at sentencing. *United States v. Descent*, 292 F.3d 703, 707 (11th Cir. 2002). When the Guidelines are amended after sentencing but before the appeal is decided, we may give effect to the amendment if it clarifies the relevant guideline but makes no substantive changes. *See id*. at 707–08. We do not give effect to substantive post-sentencing amendments on appeal. *See id*. at 709; *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011).

To determine whether an amendment is substantive or clarifying, we consider whether it alters the text of the guideline (which suggests a substantive change) or only the commentary; whether the Sentencing Commission has described the amendment as clarifying or made statements in the commentary indicating a

23-11747                Opinion of the Court                9

substantive change in punishment for an offense; whether the Commission has included the amendment in its list of retroactive amendments; and whether the amendment overturns circuit precedent. *Jerchower*, 631 F.3d at 1185.

Here, the amendment is substantive. Amendment 821 altered the text of the guideline itself, not the commentary, and it made a substantive change in punishment by lowering the offense level—and the resulting Guidelines sentencing range—for certain offenders with no criminal history points. The Sentencing Commission has made parts of the amendment retroactive, but that factor is not decisive because the Commission has made several substantive amendments retroactive. *See, e.g.*, *Hughes v. United States*, 584 U.S. 675, 684 (2018) (Amendment 782); *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008) (Amendment 706).

Because Amendment 821 makes substantive changes to the Guidelines, we do not give effect to the amendment on appeal. *See Jerchower*, 631 F.3d at 1184. A defendant whose Guidelines sentencing range was retroactively lowered by Amendment 821 may file a motion in the district court seeking a discretionary modification of his sentence. *See* 18 U.S.C. § 3582(c).

## IV.

The district court did not clearly err by applying a sophisticated-means enhancement when calculating Lassiter's Sentencing Guidelines range, and it did not plainly err in explaining its denial of his request for a below-Guidelines sentence. And because Amendment 821 made substantive changes to the Guidelines, we

will not give effect to that amendment on appeal.  We therefore AFFIRM Lassiter's conviction and sentence.

**AFFIRMED.**